**UNITED STATES of America**

v.

**Eldridge ALLEN, Appellant (two cases).**

**Nos. 19265, 19266.**

United States Court of Appeals,
Third Circuit.

Submitted Feb. 15, 1972.

Decided March 8, 1972.

Certiorari Denied June 7, 1972.
See 92 S.Ct. 2469.

Joseph J. Bonistalli, McCrady, Kreimer, Ravick & Bonistalli, Pittsburgh, Pa., for appellant.

Richard L. Thornburgh, U. S. Atty.; W. Wendell Stanton, Pittsburgh, Pa., for appellee.

Before ADAMS, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant has filed two notices of appeal from a single order of the district judge which on June 11, 1970 denied his motion, pursuant to Fed.R.Crim.P. 32(d), to withdraw two guilty pleas. Case No. 19,265 appeals the denial of his Rule 32(d) motion to withdraw a guilty plea to an indictment charging bank robbery, 18 U.S.C. § 2113(a) (1971), Crim. No. 63–432 (W.D.Pa.), which he entered on June 11, 1964. Case No. 19,266 appeals the denial of a Rule 32(d) motion to withdraw a guilty plea to an information charging another bank robbery, 18 U.S.C. § 2113(a), Crim.No. 64–215 (W.D.Pa.), which he entered on July 2, 1964. At both pleas appellant was represented by court-appointed counsel. The plea in Crim.No. 63–432 took place after several days of trial. In both cases there was full compliance with Rule 11 of Fed.R.Crim.P.

The present motion to withdraw his guilty pleas was filed on June 5, 1970, many years after sentence. The appeals raise the contention that the district court erred in denying the motion without an evidentiary hearing and without appointing counsel.

Appellant's ten page handwritten letter, which the district court treated as a Rule 32(d) motion, advances a legal contention only. That legal contention is that the federal bank robbery statutes are unconstitutional to the extent that they purport to make bank robbery a crime when the bank robbers have not in its perpetration used the instrumentalities of interstate commerce. He relies upon the tenth amendment of the United States Constitution. Both robberies were of the same bank, a federally chartered institution insured by the Federal Deposit Insurance Corporation. The legal challenge to the constitutionality of 18 U.S.C. § 2113 did not require an evidentiary hearing. The district court correctly decided that the appellant's legal contention is without merit. *See, e. g.,* Toles v. United States, 308 F.2d 590 (9th Cir. 1962), cert. denied, 375 U.S. 836, 84 S.Ct. 79, 11 L.Ed.2d 66 (1963); Mosco v. United States, 301 F.2d 180 (9th Cir. 1962), cert. denied, *sub nom.* Hansen v. United States, 371 U.S. 842, 83 S.Ct. 72, 9 L.Ed.2d 78 (1962). The order denying the motion to withdraw guilty pleas in both cases will be affirmed.