**UNITED STATES of America, Appellee,**

v.

**Jerome Delton HARRIS, Appellant.**

**No. 75–1424.**

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 6, 1975.

Decided Jan. 15, 1976.

---

25. 462 F.2d at 653.

26. 504 F.2d at 824.

27. *Horton v. Orange County Board of Education, supra,* 464 F.2d at 538.

Clinton B. Corry, Jr., Richmond, Va. [Court-appointed], for appellant.

Charles L. Beard, Asst. U. S. Atty., for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

The appellant, Jerome Delton Harris, was convicted by a jury of bank robbery in violation of 18 U.S.C. § 2113(a). He has appealed, complaining that the trial court erred in denying several motions pertaining to the sufficiency of the evidence and in denying his motion for a new trial, the motion being based on the ground that one of the jurors may have been biased against him.

The record shows that the indictment charged that the appellant "did, by force, violence, and intimidation, take and attempt to take . . . money belonging to and in the care, custody, control, management, and possession of the Richmond National Bank" in violation of 18 U.S.C. § 2113(a). The indictment also specifically charged that "the deposits of [the] bank were then and there insured by the Federal Deposit Insurance Corporation." At trial, the bank manager testified that the bank was a national bank, and that it was her understanding that it had been insured by the Federal Deposit Insurance Corporation (FDIC) since 1966. The government also introduced a certificate issued to the "Richmond National Bank" by the FDIC in 1969. The appellant did not offer any evidence to contradict the government's evidence that the bank was a national bank and was insured by the FDIC. At the conclusion of the presentation of the government's evidence, however, Harris moved for a judgment of acquittal, urging that there was insufficient evidence to prove that the bank deposits were insured by FDIC. This motion was denied, and Harris argues that the district court's ruling constitutes reversible error. We affirm the judgment of the district court.

The term "bank" as used in § 2113(a) is defined by § 2113(f) as: (1) any member bank of the Federal Reserve System, (2) any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, *or* (3) any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

■ If a bank is described by its chartered name as a "National Bank," the district court and this court can take judicial notice that the bank is, in fact, a national bank. *See United States v. Mauro,* 501 F.2d 45 (2 Cir. 1974), *cert. denied,* 419 U.S. 969, 95 S.Ct. 235, 42 L.Ed.2d 186 (1974). The determination that a bank which has been robbed is a national bank is sufficient to identify it as one organized or operating under the laws of the United States, and thus within the purview of 18 U.S.C. §§ 2113(a) and (f). 501 F.2d at 48. We conclude that the allegation in the indictment that the appellant robbed "The Richmond National Bank" is sufficient to establish jurisdiction under 18 U.S.C. § 2113(a).

Since the bank was a national bank, as its official name clearly discloses, it was within the coverage of § 2113(a) regardless of its insured status with the FDIC. *Mauro, supra; Schoepflin v. United States,* 391 F.2d 390 (9 Cir. 1968), *cert. denied,* 393 U.S. 865, 89 S.Ct. 146, 21 L.Ed.2d 133 (1968); *cf. United States v. Harper,* 241 F.2d 103 (7 Cir. 1957). Although the government may rely upon more than one basis for asserting jurisdiction in a prosecution under § 2113, the allegation in the indictment as to FDIC coverage was mere surplusage and, as such, it may be properly disregarded.[1] *Mauro, supra,* 501 F.2d at 49.

■ While this appeal was being considered Harris sought and was granted permission to file a supplemental brief. In it he presents the further contention that the district court lacked jurisdiction because the statute under which he was convicted is unconstitutional to the extent that it purports to make bank robbery a federal crime when the bank robbers have not used the instrumentalities of interstate commerce. We find this contention to be completely without merit. It is beyond question that federal jurisdiction is properly established under 18 U.S.C. § 2113(a) where the bank which is robbed is either a federally chartered institution or a banking institution whose deposits are insured by the Federal Deposit Insurance Corporation. Other courts have rejected arguments "challenging" federal jurisdiction on constitutional grounds similar to those

---

1. Harris complains that the district judge infringed upon the province of the jury by determining as a matter of law that the bank was insured by the FDIC. We find no merit in this complaint since federal jurisdiction was clearly established in this case without determining that the bank was so insured.

presented by the appellant. *See, e. g., United States v. Phillips,* 482 F.2d 191 (8 Cir.), *cert. denied,* 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973); *United States v. Allen,* 458 F.2d 988 (3 Cir.), *cert. denied,* 406 U.S. 970, 92 S.Ct. 2429, 32 L.Ed.2d 670 (1972); *Toles v. United States,* 308 F.2d 590 (9 Cir. 1962), *cert. denied,* 375 U.S. 836, 84 S.Ct. 79, 11 L.Ed.2d 66 (1963).

■ Harris further asserts that the jury verdict was not supported by substantial evidence. It is well established, however, that this court must sustain the verdict of a jury "if there is substantial evidence, taking the view most favorable to the government, to support the findings of guilt." *United States v. Sherman,* 421 F.2d 198, 199 (4 Cir. 1970), *cert. denied,* 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970). In the instant case the government introduced both fingerprint evidence and testimony of a detailed confession by Harris. Although the appellant repudiated the confession at trial, the government introduced three FBI agents who testified that Harris made a confession. Viewing, in context, the evidence presented, we find substantial evidence to permit the jury to find a guilty verdict beyond a reasonable doubt.

■ Harris further contends that the evidence was insufficient to prove, as required by § 2113(a), that the robbery was carried out "by force and violence, or by intimidation." The bank teller testified that Harris, after handing her a written note stating "this is a holdup," placed his right hand in his pocket in such a manner that she assumed he had a weapon and that she was placed in fear. Although no weapon was shown and no verbal threat was made, the jury could properly conclude from this evidence that the defendant's conduct was reasonably calculated to produce fear. *See United States v. Jacquillon,* 469 F.2d 380 (5 Cir. 1972), *cert. denied,* 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604 (1973); *United States v. Epps,* 438 F.2d 1192 (4 Cir. 1971).

■ The appellant also challenges the sufficiency of the fingerprint evidence introduced at the trial. He relies upon this court's decision in *United States v. Corso,* 439 F.2d 956 (4 Cir. 1971), reversing a conviction in part because "[t]he probative value of an accused's fingerprints upon a readily movable object is highly questionable, unless it can be shown that such prints could have been impressed *only* during the commission of the crime." 439 F.2d at 957. Harris contends that the fingerprints identified as his on the written note presented to the bank teller could have been impressed on the paper before the demand was written or presented. Our holding in *Corso* is not dispositive of this question because that opinion merely states that when fingerprint evidence is of questionable probative value, it cannot sustain a conviction if it is the *only* substantive evidence presented. In the present case, the fingerprint evidence was in addition to the incriminating admissions by the defendant as shown by the government's evidence.

■ Harris also questions the admissibility of the fingerprint evidence on the grounds that this evidence was not adequately safeguarded before trial and that the government's fingerprint expert relied on photographs of the fingerprints as well as the actual prints. The government's evidence indicated that the fingerprints were protected in accordance with normal police procedures. Since no objection was made to the admissibility of this evidence at trial and the admission of the evidence was not plain error, it is unnecessary to consider this point on appeal. *Cf. United States v. Graydon,* 429 F.2d 120 (4 Cir. 1970); *see* Fed.R.Crim.P. 52(b).

■ Finally, Harris appeals the denial of his motion for a new trial on the ground that one of the jurors knew him before the trial and may have been prejudiced against him. No mention was made at trial of any challenge to this juror until after the jury returned its verdict. Where the basis for a challenge to a juror could be timely shown the failure of the defendant to object at the inception of the trial constituted a waiver of his right to challenge the composition of the jury. *United States v. Rag-*

*land,* 375 F.2d 471, 475 (2 Cir. 1967); *Fabian v. United States,* 358 F.2d 187, 191 (8 Cir. 1966), *cert. denied,* 385 U.S. 821, 87 S.Ct. 46, 17 L.Ed.2d 58 (1966); *Graham v. United States,* 257 F.2d 724, 729 (6 Cir. 1958); *Harbold v. United States,* 255 F.2d 202, 205 (10 Cir. 1958).

Accordingly, we dispense with oral argument and affirm the judgment of the district court.

*Affirmed.*