UNITED STATES of America, Appellee,

v.

**Harold Philip AMOS, Appellant.**

**No. 76–1631.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1977.

Decided Dec. 22, 1977.

---

Robert E. Shepherd, Jr., Richmond, Va., for appellant.

Phyllis Brown, Third Year Law Student (Jervis S. Finney, U. S. Atty. and Daniel F. Goldstein, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, BUTZNER and HALL, Circuit Judges.

PER CURIAM:

Harold Philip Amos was convicted of bank larceny (18 U.S.C. § 2113(b)) and bank robbery (18 U.S.C. § 2113(a)) and sentenced to terms of ten and twelve years, respectively, the sentences to be served concurrently. He appeals, asserting various grounds for reversal. He contends that both his post-arrest confession and the fruits of a purported consent search of his apartment were inadmissible at his trial.

He also contends that he received ineffective assistance of counsel, there was a lack of sufficient evidence to support his conviction, and he was denied due process in the delay in the preparation of his trial transcript with a consequent delay in hearing this appeal. Finally, he contends that his concurrent sentences for bank robbery and bank larceny constitute double jeopardy.

Except with respect to the sentences, we see no merit in the appeal. We affirm the judgment for bank robbery and vacate the conviction and judgment for bank larceny.

I.

Amos was arrested by the FBI in the hallway of his apartment building on the evening of March 10, 1975, and charged with the robbery of a bank earlier in the day. Although the arresting officers had no warrant, we think that they had ample probable cause to think that Amos was the bank robber. The arrest took place in the hallway of the apartment building, and therefore we perceive no violation of the fourth amendment. *United States v. Santana*, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). The arrest could not therefore adversely affect his subsequent confession, *Cf. Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Nor do we think Amos' confession runs afoul of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The district court, on conflicting evidence, found that before Amos confessed he was given the warnings required by *Miranda*. We see no reason to disturb that resolution of credibility.

Following his arrest, Amos was returned to his apartment by the arresting officers and asked if he would consent to a search of his apartment. He consented, and a search was immediately conducted. During the course of this search, bait money, which had been given one of the robbers by a teller, was found and was later admitted at trial.

The legality of the search, as we have shown, was not adversely affected by the arrest. Amos contends, however, that his consent was not voluntarily given as

required by *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), and *United States v. Watson, supra.* In *Bustamonte*, the Supreme Court stated that "[v]oluntariness is a question of fact to be determined from all the circumstances . . . ." 412 U.S. at 248–49, 93 S.Ct. at 2059. The district court, at a suppression hearing, determined that Amos' consent was voluntary. Because, on the record, this determination is clearly supported, we leave it undisturbed. *See United States v. Vickers*, 387 F.2d 703 (4 Cir. 1967), *cert. denied*, 392 U.S. 912, 88 S.Ct. 2069, 20 L.Ed.2d 1369 (1968).

On this record, we do not see any ineffectiveness of counsel; and with the admissibility of the confession and bank bait money established, there is ample support for the conviction of bank robbery. The evidence that Amos or his confederate entered the bank with his hand in his pocket, instructed the bank manager not to sound the alarm and the tellers to hand over the money was sufficient to establish conduct reasonably calculated to produce fear. *United States v. Harris*, 530 F.2d 576, 579 (4 Cir. 1976).

The delay in the preparation of Amos' trial transcript which, in turn, delayed preparation and hearing of his appeal, is regrettable. From our view of the merits of his appeal, we cannot say that he has been prejudiced thereby. We know that the district court is as cognizant as we of the problem of delay in the preparation of trial transcripts, and we are well aware that it is taking all available steps to resolve the problem. The delay is not, however, a ground for appellate relief.

## II.

The government concedes that Amos cannot be convicted and sentenced for both bank robbery and bank larceny as a result of a single offense, and we agree. In *Walters v. Harris*, 460 F.2d 988, 994 (4 Cir. 1972), we held that "[i]t was not the intent of Congress by the various sections of 18 U.S.C. § 2113 to create a number of distinct crimes for a single bank robbery . . . and it is impermissible to impose

sentence under more than one section of a single transaction . . . .. It is just as impermissible to impose concurrent sentences as it is to impose consecutive sentences . . . ." The rationale of *Walters* is that the convictions for less aggravated forms of bank theft merge into the conviction for the more aggravated form of bank robbery. *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *United States v. Gaddis*, 424 U.S. 544, 549, n. 12, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).

The government suggests that the case should be remanded so that the sentence for bank larceny can be vacated. *See United States v. Spears*, 442 F.2d 424 (4 Cir. 1971). Unquestionably, this is the procedure that we have followed in a number of cases, but we now think that the practice of our vacating the duplicitous sentences in bank robbery cases is the preferable one because it avoids the necessity of a needless remand for resentencing or correction of an illegal sentence. *See, e. g., United States v. Pravato*, 505 F.2d 703, 705 (2 Cir. 1974); *Gorman v. United States*, 456 F.2d 1258, 1260 (2 Cir. 1972). Accordingly, we affirm the conviction and sentence for bank robbery and vacate the sentence for bank larceny.

*AFFIRMED IN PART; VACATED IN PART.*