873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond WAGSTAFF-EL, Defendant-Appellant.
 87-7301.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided April 20, 1989.
Rehearing and Rehearing In Banc Denied Aug. 16, 1989.
 
 Raymond Wagstaff-El, appellant pro se.
 Carmina Szunyog Hughes, Office of the United States Attorney, for appellee.
 Before MURNAGHAN, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond Wagstaff-El appeals the district court's dismissal of his motion brought pursuant to 28 U.S.C. Sec. 2255, challenging his conviction for bank robbery pursuant to 18 U.S.C. Sec. 2113(a). Because we find no merit to Wagstaff-El's contentions, we affirm.
 
 
 2
 The indictment charging Wagstaff-El with bank robbery alleged that he took deposits belonging to the Provident Savings Bank "by intimidation ... from the presence of Judy Kaiser, an employee of Provident Savings Bank." At trial, two employees of the bank who were working at the time of the robbery, testified along with Kaiser. One of the two testified that she saw Wagstaff-El holding a gun during the robbery, while the other testified that Wagstaff-El's gestures led her to believe he had a gun. Kaiser testified that although Wagstaff-El was standing within two to three feet from her during the robbery, the counter she was standing behind blocked her view of Wagstaff-El below the shoulders and she could not see whether Wagstaff-El was carrying a gun.
 
 
 3
 Wagstaff-El argues that the evidence at trial relates solely to the intimidation of employees other than Kaiser, contrary to what was charged in the indictment. He contends that this constitutes a prejudicial variance between the indictment and the evidence and that it amounts to an unlawful amendment to the indictment. We disagree.
 
 
 4
 The element of intimidation in a bank robbery prosecution focuses on the conduct of the defendant rather than the subjective feelings of the victim of the intimidation. "For intimidation to occur under 18 U.S.C. 2113(a), a defendant's conduct must be 'reasonably calculated to produce fear.' " United States v. Wagstaff, --- F.2d ----, No. 88-5508 (4th Cir. Jan. 24, 1989), slip op. at 4, quoting United States v. Amos, 566 F.2d 899, 901 (4th Cir.1977). Here, the challenged testimony related to Wagstaff-El's conduct, and when Wagstaff-El objected to the testimony at trial, the court instructed the jury that it could consider this evidence only insofar as it related to proof of taking by intimidation from the presence of Kaiser. Moreover, we have previously held that the evidence at Wagstaff-El's trial was sufficient to prove the intimidation charged. United States v. Wagstaff-El, No. 84-6393 (4th Cir. Aug. 29, 1985) (unpublished). Consequently, there was no variance between the evidence and the indictment.
 
 
 5
 Accordingly, we affirm the decision of the district court. We deny Wagstaff-El's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.
 
 
 6
 AFFIRMED.