883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman TROY, Defendant-Appellant.
 No. 89-7035.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 10, 1989.
Decided Aug. 10, 1989.
Rehearing and Rehearing In Banc Denied Aug. 30, 1989.
 
 Norman Troy, appellant pro se.
 Debra Jo Stuart, Office of the United States Attorney, for appellee.
 Before WIDENER, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Norman Troy appeals the district court's order denying his motion for correction of an illegal sentence brought pursuant to Fed.R.Crim.P. 35(a). We find no error and affirm.
 
 
 2
 Troy pled guilty to four counts of aiding and abetting bank robbery in violation of 18 U.S.C. Sec. 2113(a).* The convictions were merged and Troy was sentenced to a term of imprisonment of 20 years. In his Rule 35 motion Troy contended that the court imposed a 20-year sentence by merging the bank robbery and bank larceny counts thereby imposing a sentence on both the greater and lesser offenses in violation of double jeopardy. The order denying the motion was entered on the district court's docket on January 11, 1989. Troy's notice of appeal, dated January 24, 1989, was not filed until January 25, 1989. A subsequent motion for an extension of time to appeal was denied.
 
 
 3
 An appeal from the denial of a Rule 35 motion must be taken within ten days. To be timely, therefore, Troy's appeal would have had to have been filed no later than January 23, 1989. Even if we accept January 24 as the filing date, Troy's appeal is still untimely. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428) (notice of appeal is filed when it is delivered to prison officials for mailing).
 
 
 4
 Because Troy is proceeding pro se, however, and because the challenge to the legality of his sentence could have been brought in a motion for relief under 28 U.S.C. Sec. 2255, as well as under Rule 35(a), we construe the motion to be a request for relief under Sec. 2255. See, e.g., Andrews v. United States, 373 U.S. 334, 338 (1963) (designation of an action under Rule 35 rather than Sec. 2255 does not afford a basis for denying relief); United States v. Santora, 711 F.2d 41 (5th Cir.1983) (where appeal from denial of Rule 35 motion challenging the legality of a sentence is untimely, court may construe pro se pleading to be a request for relief under Sec. 2255).
 
 
 5
 Construed to be a Sec. 2255 motion, Troy's notice of appeal was within the 60-day period required by Fed.R.App.P. 4(a). Troy's claim, however, is without merit. In United States v. Whitley, 759 F.2d 327 (4th Cir.) (en banc), cert. denied, 474 U.S. 873 (1985), this Court decided that the several subdivisions of 18 U.S.C. Sec. 2113 created a series of lesser included offenses involving bank robbery. Multiple convictions and sentences, therefore, for both bank robbery under 18 U.S.C. Sec. 2113(a) and bank larceny under 18 U.S.C. Sec. 2113(b), where only one bank robbery was committed, is error. United States v. Amos, 566 F.2d 899 (4th Cir.1977). See also Heflin v. United States, 358 U.S. 415 (1959), Prince v. United States, 352 U.S. 322 (1957). The record in this case, however, clearly establishes that Troy pled guilty to the bank robbery count in each indictment (Sec. 2113(a)) and was sentenced only on those counts. Count Two of each indictment, charging the lesser included offense of bank larceny (Sec. 2113(b)) was dismissed. Troy's sentence, therefore, is not illegal.
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the order below.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Troy had originally been charged in four separate indictments with offenses involving four different banks. Count One of each indictment charged aiding and abetting bank robbery in violation of 18 U.S.C. Sec. 2113(a). Count Two of each indictment charged aiding and abetting bank larceny in violation of 18 U.S.C. Sec. 2113(b). Pursuant to a plea agreement, Troy pled guilty to Count One of each indictment and Count Two was dismissed