917 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond WAGSTAFF-EL, Defendant-Appellant.
 No. 89-7811.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 10, 1990.
Decided Oct. 26, 1990.
Rehearing and Rehearing In Banc Denied Dec. 11, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-86-15-JFM)
 Raymond Wagstaff-El, appellant pro se.
 Veronica Marie Clarke, Office of the United States Attorney, Baltimore, Md, for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before MURNAGHAN, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond Wagstaff-El appeals from a district court order that vacated one of three sentences which were all based on bank robbery convictions under 18 U.S.C. Sec. 2113 arising out of the robbery of a single bank. We vacate and remand to the district court for further proceedings consistent with this opinion.
 
 
 2
 This Court reversed and remanded Wagstaff-El's first convictions on Miranda grounds. United States v. Wagstaff, No. 86-5585 (4th Cir. June 17, 1987) (unpublished). Wagstaff-El's second trial resulted in convictions of bank robbery (18 U.S.C. Sec. 2113(a)), misdemeanor bank larceny (18 U.S.C. Sec. 2113(b)), and entering the bank with the intent to commit a felony (18 U.S.C. Sec. 2113(a)). Wagstaff-El received concurrent sentences of twenty years for the bank robbery and entering a bank with the intent to commit a felony and one year for the misdemeanor bank larceny. In a second appeal, this Court reversed the bank robbery conviction and held that there was insufficient evidence to prove that Wagstaff had taken money "by intimidation." See Wagstaff v. United States, 865 F.2d 626 (4th Cir.1989).
 
 
 3
 The district court later vacated the robbery conviction and sentence after Wagstaff-El filed a motion to correct an illegal sentence. Wagstaff-El has now appealed that order.
 
 
 4
 This Court has interpreted the subsections of 18 U.S.C. Sec. 2113 as creating greater and lesser included offenses. United States v. Whitley, 759 F.2d 327, 331 (4th Cir.) (en banc), cert. denied, 424 U.S. 873 (1985). This Court noted that "an offense is necessarily included in the offense charged if the elements of the lesser offense are fewer in number than the elements of the charged offense, and if the two offenses contain common elements so that the greater offense cannot be committed without also committing the lesser one." Id. The subsections of Sec. 2113 do not provide enhanced punishment for a single offense of bank robbery. Id. Convictions for less aggravated forms of bank theft, therefore, merge into the conviction for the more aggravated form of bank robbery. Prince v. United States, 352 U.S. 322 (1957); United States v. Amos, 566 F.2d 899 (4th Cir.1977).
 
 
 5
 This Court stated in Amos that "our practice of vacating the duplicitous sentences in bank robbery cases is the preferable one because it avoids the necessity of a needless remand for resentencing or correction of an illegal sentence." Amos, 566 F.2d at 901. But the Supreme Court has held since Amos that when there is an improper second conviction with a concurrent, concomitant sentence, the second conviction "does not evaporate simply because of the concurrence of the sentence." Ball v. United States, 470 U.S. 856, 864-65 (1984). The Court continued that "[t]he separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored." Id. at 865 (emphasis in original). Therefore, the second conviction, even if it results in no greater sentence, is an impermissible punishment. Id.
 
 
 6
 Wagstaff-El's remaining convictions and sentences are one year for misdemeanor bank larceny to run concurrently with twenty years for entry into a bank with the intent to steal. Both convictions are based on different subsections of 18 U.S.C. Sec. 2113 and stem from the same incident; Whitley and Ball require that the conviction and sentence for the lesser offense, misdemeanor larceny, be vacated.
 
 
 7
 We note that in Wagstaff-El's prior appeal, we affirmed his Sec. 2113(b) conviction. However, the issue addressed here was not considered in that appeal. Although the Supreme Court has held that a federal prisoner could not assert a nonconstitutional claim on collateral attack if he had not raised it on appeal, the Court recognized that it would not bar the assertion of constitutional claims in collateral proceedings even if the applicant had failed to pursue them on appeal. Davis v. United States, 417 U.S. 333, 345 n. 15 (1974); see also Kaufman v. United States, 394 U.S. 217, 223 (1969). We therefore remand this matter to the district court so that Wagstaff-El's conviction and sentence under 18 U.S.C. Sec. 2113(b) can be vacated. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 8
 VACATED AND REMANDED.