976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Willie LEGRAND, Jr., Defendant-Appellant.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Willie LEGRAND, Jr., Defendant-Appellant.
 Nos. 91-5832, 91-5872.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 5, 1992
Decided: September 21, 1992
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-91-27-01-G, CR-90-289-G)
 ARGUED: David Bruce Freedman, White & Crumpler, Winston-Salem, North Carolina, for Appellant.
 Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 ON BRIEF: Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney/Senior Litigation Counsel, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed.
 Before WIDENER, SPROUSE, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Willie LeGrand, Jr. was convicted and sentenced for armed bank robbery, 18 U.S.C. § 2113(d),* and for use of a firearm during that bank robbery in violation of 18 U.S.C. § 924(c)(1). He was separately convicted and sentenced for possession of a firearm in commerce by a felon, 18 U.S.C. § 922(g)(1). In these consolidated appeals, he contends that these convictions should be reversed due to insufficient evidence. In addition, LeGrand asserts another basis for reversing the armed bank robbery and related convictions, arguing that his confession to the crime was involuntary, and thus, erroneously admitted into evidence by the trial court. We affirm.
 
 I.
 
 2
 We address the confession issue first. A confession is determined to be voluntary from "the totality of the circumstances," including the characteristics of the defendant, the setting of the interview, and the details of the interrogations. United States v. Wertz, 625 F.2d 1128, 1134 (4th Cir.), cert. denied, 449 U.S. 904 (1980). The test of voluntariness is whether the defendant's "will has been overborne and his capacity for self-determination critically impaired." Schneckloth v. Bustamonte, 412 U. S. 218, 225 (1973). Coercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment. Colorado v. Connelly, 479 U.S. 157, 164 (1986).
 
 
 3
 While appellate review of the issue of voluntariness is an independent determination, Beckwith v. United States, 425 U.S. 341, 348 (1976); the factual findings of the district court will not be disturbed unless clearly erroneous. United States v. McCraw, 920 F.2d 224, 227 (4th Cir. 1990). Furthermore, when these findings are based on determinations regarding the credibility of witnesses even greater deference is required. United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987).
 
 
 4
 LeGrand contends that the investigating officers coerced him by means of threats and promises to gain his confession to the bank robbery for which he was being held. According to LeGrand's testimony during the suppression hearing, the police threatened to charge him with other unsolved bank robberies. Also, the claim is made that the officers promised LeGrand that his brother would not be charged for the robbery if LeGrand confessed. However, both interrogating officers in their testimony denied any such threats or promises. The district court believed the officers, holding that no threats or promises had been made. Utilizing the standard of appellate review mentioned above, we find that the district court's resolution of the witness credibility issue is fully supported by the record, and, therefore is not clearly erroneous.
 
 
 5
 Having accepted the trial court's finding of fact, an independent review of the voluntariness of LeGrand's confession convinces this court that the Government has met it burden of proving by a preponderance of the evidence that his confession was made voluntarily. This determination is based on an analysis of the totality of the circumstances surrounding the confession. Following his arrest, LeGrand was read and understood his Miranda rights. He voluntarily signed a waiver of these rights prior to confessing. The defendant was not under the influence of any drug, nor was he unfamiliar with the post-arrest procedure since he had been convicted several times before. We thus hold that the defendant's confession was voluntary and was admissible evidence at trial.
 
 II.
 
 6
 In addition, LeGrand asserts that the district court erred in denying his motion for acquittal of the bank robbery charge because the evidence failed to prove the essential elements of the crime. To uphold the defendant's conviction we must, "taking the evidence and all reasonable inferences that can be drawn from the evidence in the light most favorable to the government," determine whether a reasonable fact finder could have found the defendant guilty. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 7
 The defendant claims that the Government failed to supply sufficient evidence to support a finding of his use of force, violence or intimidation during the robbery. Bank teller Jacqueline Morgan testified that LeGrand handed her a written note stating:"This is a robbery. Do not sound your alarms. I want hundreds, fifties, twenties, tens, fives, ones." According to Morgan, LeGrand also held a gun between his body and the teller. We have held that comparable notes, coupled with the implicit assumption that the robber has a weapon, are sufficient for a reasonable jury to find the intimidation element satisfied. So, when the weapon was used, as here, the finding was even more justified. See, e.g., United States v. Harris, 530 F.2d 576, 579 (4th Cir. 1976). Although he did not make any verbal threats, LeGrand's conduct, including the brandishment of a gun, was "reasonably calculated to produce fear," which is sufficient. United States v. Amos, 566 F.2d 899, 901 (4th Cir. 1977). Defendant does not dispute the existence of sufficient evidence on any other element of the bank robbery offense. Thus, the district court was correct in denying LeGrand's motion for acquittal; a reasonable fact finder could have found him guilty based on the evidence and reasonable inferences.
 
 III.
 
 8
 Finally, the defendant questions the sufficiency of the evidence to support his conviction for possession of a firearm in commerce by a felon. 18 U.S.C. § 922(g)(1). We, of course, review the sufficiency of the evidence to support this conviction under the same standard used above to review the bank robbery conviction. Only the elements of the offenses differ. For this offense, the applicable elements are: (1) previous conviction of a crime punishable by more than one year imprisonment and, (2) receiving a firearm or ammunition that has been shipped or transported in interstate commerce. Although LeGrand does not specify which element has not been proven by the prosecution, it seems unlikely the defendant would challenge the sufficiency of the prior felon element, since this was supplied by producing his criminal record. In addition, it was established at trial that a firearm had been seized from LeGrand in High Point, North Carolina by the arresting officer. Consequently, this opinion will examine only the interstate commerce component of this crime.
 
 
 9
 Evidence presented by the Government showed that the firearm, which was taken from LeGrand's possession, was manufactured in Massachusetts between 1910 and 1940. Based on this evidence, it is apparent that this firearm was transported in interstate commerce. However, because the defendant did not necessarily receive the firearm in the initial interstate transaction, by which it made its way from Massachusetts to North Carolina, we must determine whether his possible intrastate receipt of this pistol is included within 18 U.S.C § 922(g)(1). Even an intrastate transaction is covered as long as the firearm has previously moved in interstate commerce. Barrett v. United States, 423 U.S. 212 (1976). Thus, this evidence is sufficient, viewed in the light most favorable to the Government, for a reasonable jury to find LeGrand guilty of possession of a firearm in commerce by a felon.
 
 
 10
 The judgments of the district court in 91-5832 and 91-5872 are accordingly
 
 
 11
 AFFIRMED.
 
 
 
 *
 A conviction under another count for bank robbery under 18 U.S.C. § 2113(a) was consolidated for sentencing with the conviction under § 2113(d)