14 F.3d 598
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
KEITH DARNELL WILSON, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ELVIN PORTER, Defendant-Appellant.
 Nos. 93-5242, 93-5243.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 28, 1993.
Decided Dec. 16, 1993.
 
 Appeals from the United States District Court for the Eastern District of Virginia at Alexandria, No. CR-92-426-A; Claude M. Hilton, District Judge.
 Thomas Dawson Pearson, Jr., Arlington, VA, for defendant-appellant Porter.
 George Preston Doss, Jr., Alexandria, VA, for defendant-appellant Wilson.
 Andrew Gerald McBride, Asst. U.S. Atty., Office of the U.S. Atty., Alexandria, VA, argued (Kenneth E. Nelson, U.S. Atty., Michael E. Rich, Asst. U.S. Atty., Office of the U.S. Atty., on brief), for plaintiff-appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 I.
 
 1
 Keith Darnell Wilson and Elvin Porter appeal their convictions for armed robbery claiming the evidence was insufficient for conviction. Wilson also contends the district court admitted evidence of a highly prejudicial nature with little probative value. We affirm.
 
 
 2
 On July 28, 1992, four armed, masked males used a stolen car for transportation to the robbery of the First Virginia Bank in Arlington, Virginia. At least two were carrying pistols. During the robbery, the bank's surveillance cameras recorded one robber wearing a pair of New Balance sneakers. An individual also witnessed the robbers' arrival and departure and later identified the defendants as looking similar to the robbers. One robber violently shoved a seventy-one-year old woman to the floor.
 
 
 3
 The robbers drove to a nearby apartment complex, where they left the getaway car, separated and left the complex in two other vehicles that had been parked at the complex. Another witness who observed the robbers at the complex and recorded the cars' license plate numbers, identified Wilson as looking like one of the robbers. They left a soda cup in the getaway car which bore Porter's fingerprints.
 
 
 4
 After arresting Wilson at his girl friend's apartment, a search of her house revealed sneakers of the same type as those recorded on the surveillance cameras. Although there was a dispute at trial as to whether these sneakers fit Wilson, a police officer reported that they appeared to fit him after the officer examined the sneakers on Wilson.
 
 
 5
 At trial, one of the prosecution's witnesses was an armed robbery convict who was incarcerated at the Arlington County Jail at the same time as the defendants. He testified that Wilson admitted to him that he had robbed the bank and described the robbery in detail. He also testified that the defendants frequently spoke to each other and that he overheard Porter tell Wilson not to have his girl friend bring him too much money in jail because "it would look too obvious." Finally, the inmate testified he heard Porter tell Wilson, "just keep to your story, they have nothing on us."
 
 
 6
 Wilson's testimony, supported by his mother and younger brother, indicated he was at McDonald's with his younger brother during the robbery. Wilson also testified that he did not keep any clothing or stay at his girl friend's house, and that he did not own a car. The girl friend's neighbor testified that she saw Wilson at the house frequently, at all hours of the day, and that she often saw his car parked outside the house.
 
 
 7
 The jury rendered a verdict of guilty for armed robbery and the court sentenced Wilson to 147 months and Porter to 360 months. The district judge enhanced Wilson's sentence by two levels under the vulnerable victim category, for the abuse of the seventy-one-year old bank customer.
 
 II.
 
 8
 Defendants contend there is insufficient evidence to support their convictions for bank robbery. The prosecution offered a witness who testified that he heard Porter making inculpatory statements to Wilson about the amount of money his girl friend was bringing him in jail and "sticking to his story." Porter was also identified by the witness standing outside the bank. The fingerprint evidence on the soda cup also linked Porter to the crime. See United States v. Harris, 530 F.2d 576, 579 (4th Cir.1976).
 
 
 9
 The inmate recounted Wilson's detailed confession of the crime, as well as his bragging about the amount of the proceeds his girl friend was holding for him. Wilson was also identified as one of the robbers the two eyewitnesses saw departing the getaway car. Finally, Wilson was tied to the crime by the sneakers seen on the surveillance camera. Given the evidence and the testimony, it is plain that there was sufficient evidence to convict the defendants. See Jackson v. Virginia 443 U.S. 307, 319 (1979).
 
 
 10
 Wilson contends the admission of the sneakers into evidence was highly prejudicial with little probative value. The sneakers tied Wilson to the scene of the crime. The sneakers were recovered from Wilson's girl friend's house while he was present and the girl friend identified them as his sneakers. A neighbor of Wilson's girl friend testified that she saw him at the house frequently. It was not unreasonable for a jury to infer that the sneakers belonged to Wilson. Therefore, it cannot be said that the trial court abused its discretion in admitting them into evidence. See United States v. Russell, 971 F.2d 1098, 1104 (4th Cir.1992).
 
 
 11
 Our review of the record discloses that the remaining issues on appeal are without merit.
 
 
 12
 AFFIRMED.