51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Thomas RIVERA, Defendant-Appellant.
 No. 93-5709.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1994.
Decided March 30, 1995.
 
 James M. Walen, Walen & Mceniry, P.A., Fayetteville, NC; Lee W. Kilduff, Richmond, VA, for appellant. Janice McKenzie Cole, United States Attorney, John Howarth Bennett, Assistant United States Attorney, Raleigh, NC, for appellee.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Thomas Rivera was convicted by a jury of conspiracy to commit armed bank robbery, 18 U.S.C. Sec. 371 (1988) (Count One); aiding and abetting attempted armed bank robbery, 18 U.S.C.A. Sec. 2113(a), (d) (West 1984 & Supp.1994), 18 U.S.C. Sec. 2 (1988) (Count Two); and aiding and abetting the use of a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1994) (Count Three). He appeals his convictions and his sentence of sixty-three months. We affirm.
 
 
 2
 Two codefendants, Carl Simpkins and Athol Gilbert Altman III, testified against Rivera. All three had known each other in high school. Altman and Simpkins testified that early in the summer of 1992 Rivera told them he had participated in a bank robbery. Simpkins further testified that Rivera showed him about $7000 in cash, which was purported to be proceeds from the robbery. Rivera invited Simpkins and Altman to rob a bank with him, and the three proceeded to case banks. Rivera finally chose a bank, directed that Altman should drive the getaway car, and gave his gun to Simpkins to carry during the robbery. Rivera planned to jump over the counter to take the money. On July 23, 1992, Rivera and Simpkins entered the targeted bank wearing panty hose over their faces and hooded sweatshirts. When they discovered that the tellers were behind bulletproof glass, they fled. At his trial, Rivera testified in his own defense, and denied any involvement in the attempted robbery.
 
 
 3
 Rivera contends first on appeal that the district court erred in admitting evidence of his prior involvement in a bank robbery. Evidence of a defendant's prior bad act is admissible under Fed.R.Evid. 404(b) if it is relevant to an issue other than character, is necessary, and is reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). Evidence which is admissible under Rule 404(b) may be excluded under Fed.R.Evid. 403 if it is more prejudicial than probative. The district court's decision to admit evidence of a prior bad act is reviewed for abuse of discretion. United States v. Mark, 943 F.2d 444, 447 (4th Cir.1991).
 
 
 4
 Here, the evidence that Rivera had previously robbed a bank was reliable if Altman and Simpkins were credible witnesses (as the jury found they were) because their testimony was consistent. Whether it was relevant, necessary, and more probative than prejudicial is a closer question. However, when the issue of admissibility under Rule 404(b) is a close one, a harmless error test is used. For nonconstitutional error, the test is whether the judgment was substantially affected by the error. United States v. Hernandez, 975 F.2d 1035, 1041 (4th Cir.1992); United States v. Nyman, 649 F.2d 208, 211-12 (4th Cir.1980) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)). Given the strength of the government's case against Rivera, if admission of the Rule 404(b) evidence was error, it was harmless.
 
 
 5
 Rivera also argues that there was insufficient evidence of attempted armed robbery (Count Two) because there was no evidence that force or intimidation was used, or that any assault was made on anyone in the bank, including Kelly Williams, the teller named in the indictment. The argument is without merit. Rivera was not charged with a completed offense, but with attempt. A robbery by intimidation occurs when the defendant's conduct is "reasonably calculated to produce fear," United States v. Wagstaff, 865 F.2d 626, 627 (4th Cir.), cert. denied, 491 U.S. 907 (1989) (quoting United States v. Amos, 566 F.2d 899, 901 (4th Cir.1977)), and when "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." Id. (quoting United States v. Higdon, 832 F.2d 312, 315 (5th Cir.1987), cert. denied, 484 U.S. 1075 (1988)).
 
 
 6
 Karen Heilman, the branch manager, testified that she saw two men enter the bank wearing hooded sweatshirts and stockings over their faces. She saw that one of them carried a gun. The teller nearest to her testified that Heilman said, "Oh, my God, JoJo, they are going to rob us. They have a gun."
 
 
 7
 This evidence was sufficient for the jury to find that Rivera and Simpkins aided and abetted each other in an attempt to rob the bank by putting the bank employees in fear of bodily harm. See Glasser v. United States, 315 U.S. 60, 80 (1942) (substantial evidence must support verdict); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (sufficient if any rational trier of fact could find defendant guilty beyond reasonable doubt).
 
 
 8
 In sentencing Rivera, the district court increased his offense level under guideline section 3C1.1,* based on his perjured testimony at trial. Rivera maintains that the district court erred in deferring to the jury's verdict without making the findings required under United States v. Dunnigan, 61 U.S.L.W. 4180, 4183 (U.S.1993). Dunnigan held that the adjustment only may be applied to a defendant who testifies and is convicted if the district court makes an independent finding that the defendant's testimony was perjured rather than a result of confusion, mistake, or faulty memory. Perjury is defined as false testimony on a material matter given with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. Id.
 
 
 9
 Rivera's testimony was clearly material to the issue of guilt, and the district court found that there was no question of confusion or mistake. It found that Rivera's testimony directly contradicted Simpkins' testimony, that one of them had to be lying under oath, and that the jury had not believed Rivera. This finding encompasses a finding that Rivera committed perjury under Dunnigan. The court properly accepted the jury's fact-finding that Rivera was less credible than Simpkins or Altman.
 
 
 10
 We find no error in the court's refusal to decrease the offense level under guideline section 2X1.1 on the ground that the offense was not completed. Section 2X1.1 provides that, for an attempt, the guideline for the substantive offense is used, with a three-level reduction unless the defendant completed all the acts necessary to commit the offense, or was about to complete all such acts because of some event beyond his control.
 
 
 11
 The background commentary to section 2X1.1 explains that the reduction should be made when the defendant is arrested well before he or any co-conspirator has completed the acts necessary for the substantive offense. Rivera and his accomplices were on the verge of completing the planned robbery when they were prevented from doing so by the presence of bullet-proof glass in the bank. Therefore, the district court correctly refused a reduction under section 2X1.1.
 
 
 12
 Finally, the district court did not clearly err in finding Rivera a leader in the offense based on the evidence presented at trial, and giving him a two-level adjustment for having a leadership role. U.S.S.G. Sec. 3B1.1(c).
 
 
 13
 The convictions and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)