**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4266

SHELDON LEE JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-97-311-S)

Submitted: July 30, 1999

Decided: August 16, 1999

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed in part and vacated in part by unpublished per curiam opin-
ion.

_____

**COUNSEL**

Christopher M. Davis, DAVIS & DAVIS, Washington, D.C.; Dennis
M. Hart, Washington, D.C., for Appellant. Lynne A. Battaglia,United
States Attorney, Kathleen O. Gavin, Assistant United Attorney, Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sheldon Lee Jones appeals from his conviction and sentence for bank robbery, armed bank robbery, use and carry of a firearm in the commission of a crime of violence, and aiding and abetting in the commission of all three offenses in violation of 18 U.S.C.A. §§ 2, 924(c), 2113(a), (d) (West 1994 & Supp. 1999). We affirm in part, and vacate in part.

Jones first challenges the admission of a statement made during an interview with an FBI agent that he had never been inside the victim bank. Although he admits to executing a waiver of rights form, he contends that the waiver was not voluntary because he was under the influence of drugs. Relevant to this issue, Jones was arrested on suspicion of the robbery at 2:30 in the morning on August 23, 1997. Five and a half hours later, he was taken to an interview room where he was advised of his rights by FBI Special Agent Henry Hanburger. Hanburger read the rights aloud from the waiver form, and Jones indicated that he understood those rights and agreed to waive them, whereupon he signed the waiver form. Following this waiver, Jones denied involvement in the robbery and stated that although he knew where the bank was located, he had never been inside. Shortly after this interview, Jones was taken before a federal magistrate where it was determined that he tested positive for the presence of marijuana. He thus sought to suppress his statement that he had never been inside the bank on the ground that it was involuntary due to the effects of the drug.

The district court heard testimony from FBI Agent Hanburger that Jones did not appear to be under the influence of any drug during the waiver and interview. The district court accepted this testimony and found the waiver valid. Because the presence of marijuana in Jones' system is the only fact suggestive of an invalid waiver, and because

2

the district court made an unreviewable credibility determination based on Hanburger's testimony that Jones was not impaired, we affirm as to this claim. See McCrary v. Runyon , 515 F.2d 1082, 1086 (4th Cir.) ("We may not reverse a trier of fact, who had the advantage of hearing the testimony, on a question of credibility."), aff'd, 427 U.S. 160 (1976).

Jones next contends that the district court erred in allowing testimony of an automobile purchase to come into evidence. The district court's decision to admit or exclude evidence is reviewed for an abuse of discretion. See General Elec. Co. v. Joiner , 522 U.S. 136, 141 (1997) (providing standard). Assuming, for the sake of argument, that Jones properly characterizes this issue as a Fed. R. Evid. 404(b) issue, we conclude that because the evidence at issue tends to demonstrate motive, was necessary to show part of the context of the crime, came directly from the car salesman and was thus reliable, and its probative value was not substantially outweighed by the risk of unfair prejudice, that the district court did not abuse its discretion in admitting the evidence. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997), cert. denied, 118 S. Ct. 1572 (1998).

Jones next attacks his conviction for aiding and abetting in the use and carry of a firearm during a crime of violence. Construing this claim broadly, we have reviewed the conviction for both sufficiency of the evidence and a possible jury misinstruction. We conclude that, taking the evidence in the light most favorable to the Government, substantial evidence supported the essential elements of the crime. See Glasser v. United States, 315 U.S. 60, 80 (1942) (providing standard). Moreover, because the district court's instructions, taken as a whole, fairly stated the controlling law, we conclude that Jones has not shown any entitlement to relief on his jury instruction claim. See United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990) (providing standard).

Jones also contends that the district court erred in enhancing his offense level by four points under U.S. Sentencing Guidelines Manual § 2B3.1(b)(3)(B) (1997), because: (1) there was insufficient evidence of a serious injury; and (2) the conduct of his co-defendant in injuring one of the victims should not have been attributed to him. Addressing the first of these issues, our review of the record leads us to conclude

3

that the district court's factual finding that the bank manager sustained serious bodily injuries was not clearly erroneous. See United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir. 1992) (providing standard); see also USSG § 1B1.1(j) (defining serious bodily injury). As far as his relevant conduct challenge, we find no merit to Jones' apparent argument that USSG § 1B1.3(a)(1)(A), violates due process because it imposes strict liability on a defendant for his co-defendant's actions without regard to reasonable foreseeability. Moreover, the record reveals that the district court's determination that Jones was responsible for the injuries suffered by the bank manager was not based on USSG § 1B1.3(a)(1)(A), but rather on USSG § 1B1.3(a)(1)(B), a provision which Jones does not challenge.

Finally, Jones contends that because the subsections of 18 U.S.C. § 2113 constitute greater and lesser included offenses, he cannot be convicted and sentenced for violation of both § 2113(a) and § 2113(d). The Government concurs. We conclude that the parties are correct and that Jones cannot be sentenced for both bank robbery and armed bank robbery. See United States v. Amos , 566 F.2d 899, 901 (4th Cir. 1977). Accordingly, we vacate Jones' conviction and sentence for violation of § 2113(a).

We therefore affirm Jones' conviction and sentence for all counts other than the § 2113(a) charge, and vacate the conviction and sentence for that count. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART

4