**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                         No. 95-5375

WILLIAM MICHAEL TAYLOR,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-94-184)

Submitted: March 29, 1996

Decided: April 17, 1996

Before HALL and MURNAGHAN, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Michael Taylor was convicted by a jury of possession of heroin with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995), and was sentenced to a term of 57 months imprisonment. He contends on appeal that the district court erred in denying his motion to suppress evidence seized at his arrest and a statement he made shortly after arrest, and abused its discretion in denying his request for a jury instruction on simple possession. He argues that the evidence was insufficient to support his conviction and that the district court clearly erred in determining the amount of cocaine for which he was responsible and in finding that he attempted to obstruct justice at sentencing. For the reasons discussed below, we affirm Taylor's conviction and sentence.

In July 1994, two Drug Enforcement Administration (DEA) agents in Winston-Salem, North Carolina, began working with Matthew Davis, who had state drug charges pending against him and was willing to work in undercover operations in hopes of reducing his state sentence. Davis told the agents that he was present when an acquaintance bought half an ounce of heroin from William Taylor six months earlier in Atlanta, and that Taylor had come to Winston-Salem two weeks before to sell heroin and had stayed at his house. Davis said on that occasion he saw Taylor cutting and bagging a quarter-ounce of heroin.

On July 13, 1994, Davis had Agent Murphy listen to a voice mail message he had received from Taylor about coming to Winston-Salem to sell drugs again. The next day, July 14, 1994, Murphy listened in when Davis called Taylor and told Taylor he could set something up for him. Taylor said he would be coming to Winston-Salem. Later the same day, Taylor and co-defendant Randy Burton arrived at Davis's house and began cutting and bagging heroin in Davis's bedroom.

2

Davis arranged to sell a gram of Taylor's heroin to Agents Murphy and Graham at a mall. However, Burton persuaded Taylor not to go to the mall. After Davis delivered the gram of heroin to the agents, he returned home and told Taylor his customer wanted to buy all the heroin Taylor had. Davis by now was without transportation because his truck had caught on fire while he was at the mall the first time. Taking a digital scale of Taylor's, Burton drove with Davis to another mall where they met Agent Graham posing as a heroin buyer and delivered the heroin to him. Burton was arrested. Davis gave written consent to a search of his house.

The agents went to the house, found Taylor in the bedroom, and handcuffed him. A black leather zippered case (referred to an "organizer") was on the bed. In the organizer were: an address book containing Davis's name and telephone number, the title to Taylor's vehicle, and two plastic bags containing a total of 5.51 grams of heroin. Cutting agents and plastic bags were found on a table in the bedroom. After being advised of his Miranda* rights, Taylor told Agent Murphy that he was small-time but that he could supply information about "the big guy in Atlanta," an African who was "doing kilos." During Taylor's trial, the district court denied his motion to suppress his statement and the items seized from the bedroom. The court also denied Taylor's motion for a judgment of acquittal, and his request for a jury instruction on simple possession.

Following Taylor's conviction, the probation officer recommended that he be held responsible for 44.83 grams of heroin. This calculation included all the heroin seized on July 14, 1994, as well as the two prior sales Davis reported seeing Taylor make. See United States Sentencing Commission, Guidelines Manual, §§ 1B1.3, 2D1.1 (Nov. 1994). The probation officer recommended an adjustment for obstruction of justice because of an outburst by Taylor at a preliminary hearing, which he perceived as a threat to Agent Murphy. USSG § 3C1.1.

At Taylor's sentencing hearing, the district court decided against the recommended obstruction of justice adjustment. Taylor then made a long exculpatory statement. He said Davis had invited him to Winston-Salem to do construction work, that he saw no cutting agents

_____

*Miranda v. Arizona, 384 U.S. 436 (1966).

3

or drug paraphernalia in the bedroom where he was arrested, that the room was too small to contain the table where the cutting agents and plastic bags were supposedly found, and that his organizer was too small to hold the pill bottle in which the plastic bags of heroin were found. The district court then informed the parties that it was considering an obstruction of justice adjustment for making material false statements to a judge and recessed so the parties could prepare to argue the issue.

When the hearing resumed, the government offered the transcript of Agent Graham's trial testimony to show that the table, cutting agents, and plastic bags were in the bedroom and that the pill bottle containing the heroin was in the organizer. The district court ultimately found that Taylor's entire statement, and the specific statements which were in conflict with the agent's testimony, were false and material in that they were intended to secure a more lenient sentence. The court accordingly gave Taylor a two-level adjustment for obstruction of justice.

We first find that the motion to suppress was properly denied. The government opposed suppression of the evidence and the statement on the grounds that Davis had consented to a search of his house, including his bedroom, and that the search was incident to Taylor's arrest. The argument in the district court focused primarily on whether Davis's consent authorized a search of Taylor's organizer, which was zippered shut, and the voluntariness of Taylor's statement. Defense counsel also briefly argued that the agents lacked probable cause to arrest Taylor, an argument the district court quickly rejected. Davis's reliability as an informant was not questioned.

Taylor's argument on appeal, however, is that the agents lacked probable cause to arrest him because Davis's reliability as an informant had not been previously established and the agents did not corroborate the information he gave them about Taylor. A warrantless arrest is valid if the arresting officers have probable cause to believe the suspect has committed an offense. The officers' decision that probable cause is present is reviewed under a totality of circumstances test. Illinois v. Gates, 462 U.S. 213, 238 (1983). Both the quantity of information possessed by the officers and the degree of its reliability are factors to be considered. Alabama v. White , 496 U.S. 325, 330

4

(1990). The district court's determination of probable cause should be sustained if the court had a substantial basis for its conclusion. Gates, 462 U.S. at 236; United States v. Depew, 932 F.2d 324, 327 (4th Cir.), cert. denied, 502 U.S. 873 (1991).

The district court found that Davis's assertion to the agents that the heroin he twice delivered to them came from Taylor was sufficient to establish probable cause to arrest Taylor. Although the agents had not previously worked with Davis, he was hardly an anonymous tipster. Davis was cooperating in the hope of getting his state sentence for a drug conviction reduced. The agents worked closely with Davis for two days before Taylor's arrest. Davis's information about Taylor had been corroborated to a degree by several monitored telephone calls with Taylor and two deliveries of heroin, the second in Taylor's car with Burton present. These circumstances were sufficient for the district court to find that the agents had probable cause to arrest Taylor.

Next, Taylor contends that the evidence was insufficient to convict him. A conviction must be affirmed if, taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Murphy, 35 F.3d 143, 148 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan 23, 1995) (No. 94-7337). A conviction must be overturned if the evidence "could only lead to a finding of guilt by an unacceptable process of raw speculation rather than by a reasoned process of inferring guilt beyond a reasonable doubt." United States v. Giunta, 925 F.2d 758, 766 (4th Cir. 1991). The credibility of witnesses is the province of the jury, not the appellate court. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The government's evidence that Taylor knowingly and intentionally possessed heroin with the intent to distribute consisted of Davis's testimony that he previously witnessed Taylor sell heroin, Taylor's two attempts to sell heroin to Agent Graham via Davis, the additional heroin, cutting agents, and packaging found in Taylor's leather organizer and on the table in the bedroom where he was arrested, and, finally, the incriminating statement Taylor made to Agent Murphy after his arrest.

Taylor maintains that the only evidence of his intent to distribute heroin was Davis's testimony which was incredible or insubstantial

5

on its face because (1) his testimony about Taylor's prior heroin distributions was uncorroborated, (2) the 5 grams of heroin found in Taylor's organizer was a user amount rather than a distribution amount, and (3) it was not credible that Taylor would refuse to meet with customers in Winston-Salem. However, the district court found that telephone conversations with Davis and Taylor's appearance at Davis's house with heroin corroborated Davis's testimony. While the 5 grams was a small amount of heroin, there was evidence in the room that drugs were being packaged for sale rather than used. Finally, Taylor's refusal to meet with an unknown buyer could be seen as mere prudence. Moreover, Taylor's incriminating statement to Agent Murphy corroborated Davis's story that Taylor had come to Winston-Salem to sell heroin and was not merely a visiting heroin user. Therefore, this argument fails.

A defendant is entitled to an instruction on a lesser-included offense only when the evidence would support a conviction for the lesser-included offense. United States v. Keeble , 412 U.S. 205, 208 (1993); United States v. Walker, 75 F.3d 178, 180 (4th Cir. 1996). The proof of the distinguishing element must be sufficiently in dispute that the jury could find the defendant guilty of the lesser offense but not guilty of the greater offense. That is, the testimony on that element must be sharply conflicting or the conclusion as to the lesser offense must be fairly inferable from the evidence. United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3451 (U.S. Jan 10, 1994) (No. 93-51). Any evidence, however weak, which bears upon a lesser included offense will create an entitlement to an instruction on the lesser offense. Walker, 75 F.3d at 181 n.*.

The district court refused the requested instruction because it found that all the evidence pointed to distribution and no reasonable inference of simple possession could be drawn. As he did in the district court, Taylor points out, first, that when Davis first met the agents at the mall, he told them that Taylor and Burton were at his house getting high. Second, he relies on the relatively small amount of heroin seized. These facts, in isolation, might permit an inference of simple possession. However, to find Taylor guilty of simple possession, the jury would have had to ignore Davis's testimony that Taylor came to Winston-Salem for the purpose of selling heroin as well as the incrim-

6

inating statement Taylor made after his arrest. With this evidence before the jury, the district court did not err in refusing the requested instruction on simple possession.

The district court's determination of the amount of drugs for which the defendant is responsible is reviewed for clear error. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). Taylor contends that the quarter-ounce and half-ounce prior heroin sales (21 grams total) which Davis said he witnessed should not have been included in the calculation of his base offense level because Davis did not testify about specific amounts, because the district court failed to make fact findings concerning these disputed amounts, and because the transactions were too remote in time. This argument is without merit, first, because Davis testified about the specific amounts listed in the presentence report. Second, the district court made a finding that Davis's testimony concerning the disputed amount was sufficiently corroborated by other evidence and thus reliable. Finally, the prior transactions were part of the same course of conduct as the July 1994 sales and thus were relevant conduct, USSG § 1B1.3(a)(2), comment. (n.9), a finding implicit in the district court's finding that Davis and Taylor had prior drug dealings with each other. Therefore, inclusion of the 21 grams in the sentence calculation was not clearly erroneous.

An adjustment for obstruction of justice may be given if the district court finds that the defendant has provided materially false information to a judge. USSG § 3C1.1, comment. (n.3(f)). "Material" evidence is that which, if believed, would tend to influence or affect the issue under determination. Id., comment. (n.5). The district court's factual finding that the defendant has obstructed justice is reviewed for clear error. United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). The district court did not clearly err in finding that Taylor's false statements at the first sentencing hearing were material to the sentence to be imposed and were made with the intent of influencing the court's sentencing decision.

We therefore affirm the conviction and the sentence. We dispense with oral argument because the facts and legal contentions are

7

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8