**UNITED STATES of America**

v.

**James HOULIHAN.**

**Cr. No. 95–10378–NG.**

United States District Court,
D. Massachusetts.

July 16, 1996.

---

Peter B. Krupp, Federal Defender Office, Boston, MA, for Defendant.

Frank A. Libby, Jr., Paul V. Kelly, United States Attorney's Office, Boston, MA, for U.S.

## MEMORANDUM ON DEFENDANT'S REQUEST FOR MANSLAUGHTER INSTRUCTION

GERTNER, District Judge:

The defendant is charged in a one count indictment with violating 18 U.S.C. § 1513(a), which makes it a federal offense to "kill[ ] or attempt to kill[ ] another person with intent to retaliate against any person for" appearing or testifying at an official proceeding or for providing certain information to law enforcement officials. He seeks a manslaughter instruction, which the government opposes.

While section 1513(a) makes it a crime to kill another person "with intent to retaliate," it provides that the punishment for such killing is provided in 18 U.S.C. §§ 1111 and 1112. Section 1111 defines and prescribes punishments for first and second degree murder. Section 1112 defines and prescribes punishments for manslaughter, which is defined as "unlawful killing of a human being without malice."

Earlier in this prosecution, the defendant contended that the statute was ambiguous insofar as it seemed to require malice in § 1513(a) (since an intent to kill in retaliation would presumably constitute malice), yet contemplated by its reference to § 1112 punishment for killings which are not motivated by malice (namely, killings that amount to manslaughter).

In a decision dated May 1, 1996, I indicated that so long as the government's theory was first degree murder, the issue with which the defendant was concerned was purely theoretical and not raised by the facts of this case.

At the conclusion of the evidence, the defendant, while asserting that he was not waiving his original argument, moved for an instruction on voluntary manslaughter.

Two issues are raised by his request. The first restates the riddle posed by the defendant's motion to dismiss: under what circumstances can there be a killing that is at once motivated by an "intent to retaliate" as required by 18 U.S.C. § 1513 that also fits within the category of manslaughter under 18 U.S.C. § 1112? The second is whether the evidence presented in this case in fact conjures up those circumstances, thereby requiring this instruction.

### a) Can there be a killing with intent to retaliate that also fits within the definition of manslaughter?

■ Congress plainly intended to criminalize a range of situations in which there was a killing for the purpose of obstructing judicial processes and efforts to cooperate with the government. The purposes of the statute are met not only when the defendant's sole and abiding purpose is to retaliate, but also when *the* forbidden purpose is mixed in with other purposes. Recognizing the complexity of human behavior and not willing to permit a defendant to be acquitted just by showing the myriad purposes motivating him, the drafters must have intended to criminalize any situation in which an intent to retaliate is not an insignificant, motivating factor.[1]

---

**1.** A similar debate swirls around hate crime legislation—whether the prosecutor must show that racism was the sole motive or merely played some role in the decision to commit the crime.

If that is the case, and I believe it is, then it is also possible to envision a manslaughter, retaliatory killing scenario. For example: a sudden quarrel, provoked by any number of issues, old battles and rivalries, and including the accusation that one side or another cooperated with a federal investigation. A situation in which tensions between the parties ebbed and flowed, and the claim that one side "ratted" out the other is the proverbial "straw that breaks the camel's back."

### b) *Does the evidence warrant an instruction for manslaughter?*

■ An instruction on a lesser included offense, like manslaughter, even if technically possible under the statute, is not given as a matter of course. Rather, it is warranted only where the evidence supports a conviction for the lesser-included offense. *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995–96, 36 L.Ed.2d 844 (1973). As one court noted: "to receive a lesser-included offense instruction, the proof of one element that differentiates the two offenses must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense." *United States v. Walker,* 75 F.3d 178, 180 (4th Cir.1996). *See also United States v. Baker,* 985 F.2d 1248, 1259 (4th

Cir.1993); *Keeble,* 412 U.S. at 208, 93 S.Ct. at 1995–96; *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); *Driscoll v. United States,* 356 F.2d 324, 327 (1st Cir.1966).

■ The government suggests that where the defendant has claimed not to be on the scene at all, issues having to do with the details of the crime, like issues concerning malice, cannot be "sufficiently in dispute" within the meaning of *Walker,* citing to *United States v. Medina,* 755 F.2d 1269 (7th Cir.1985)

■ *Medina* does not say that.[2] It noted that although the requirement that elements are "sufficiently in dispute" can be satisfied by the presentation of sharply conflicting testimony, it also may be satisfied where there is no direct conflict in the testimony. The dispute about a given element fairly may be inferred from the evidence presented, "including a reconstruction of events gained by accepting the testimony of one or more witnesses only in part." *United States v. Medina,* 755 F.2d at 1273, citing *United States v. Sinclair,* 444 F.2d 888, 890 (D.C.Cir.1971). Indeed, the jury might reasonably believe the defendant only in part or might make findings different from the version set forth in any one witness' testimony.[3] It is "free to

*See, e.g.* James Morsch, "The Problem of Motive in Hate Crimes, The Argument Against Presumptions of Racial Motivation," 82 J.Crim.L. & Criminology 659 5667–668 (1991).

2. Cases in which the defendant did not testify but other facts put manslaughter in play include: *Commonwealth v. Spear,* 2 Mass.App.Ct. 687, 319 N.E.2d 455 (1974) (manslaughter instruction appropriate based on the testimony of the pathologist concerning the location of the wounds); *Commonwealth v. Sowell,* 22 Mass.App.Ct. 959, 494 N.E.2d 1359 (1986) (instructions for manslaughter given); *Commonwealth v. Walden,* 380 Mass. 724, 727, 405 N.E.2d 939 (1980) (fact that defendant asserts an alibi does not relieve a judge from giving a manslaughter instruction, on request). *See also, United States v. Comer,* 421 F.2d 1149 (D.C.Cir.1970). In *Comer* the government had to rely on circumstantial evidence not only to establish malice but also to establish the defendant as the perpetrator of the crime. Under the circumstances, the Court held that a manslaughter instruction was appropriate given evidence of the victim's infidelity to the defendant, the intoxication of both individuals.

3. *Stevenson v. United States,* 162 U.S. 313, 322, 16 S.Ct. 839, 842, 40 L.Ed. 980 (1896) ("The fact that the evidence might raise an issue as to whether any crime at all was committed is not in the least inconsistent with the claim that it also raised an issue as to whether or not the plaintiff in error was guilty of manslaughter instead of murder."); *United States v. Huff,* 442 F.2d 885 (D.C.Cir.1971) (Although defendant relied on alibi and testified that he was not near the place of the crime, the court in a prosecution for rape should have charged on the lesser offense of simple assault.); *Belton v. United States,* 382 F.2d 150, 155 (D.C.Cir.1967) (The evidence is sufficient to support an instruction on a lesser included offense "even though this depends on an inference of a state of facts that is ascertained by believing the defendant as to part of his testimony and prosecution witnesses on other points in dispute."); *United States v. Comer,* 421 F.2d 1149 (D.C.Cir.1970) (in a murder prosecution the jury should have been instructed on manslaughter even though defendant denied that he even knew the circumstances surrounding the victim's death).

accept the testimony of one or more witnesses in part only, and thereby to create its own version of the events at issue." *United States v. One Star*, 979 F.2d 1319 1321 (8th Cir.1992); *United States v. Sinclair*, 444 F.2d 888, 889–90 (D.C.Cir.1971).[4] Finally, at least one court has noted that "the jury's role as fact-finder is so central to our jurisprudence that, in close cases, the trial court should generally opt in favor of giving an instruction on a lesser included offense, if it is requested." *Belton v. United States*, 382 F.2d 150, 156 (D.C.Cir.1967).

To be sure, the defendant's testimony did not put the manner in which the killing was done in dispute. He said he was not there. Still, I can envision a situation in which the jurors, believing that the defendant committed an unlawful killing with intent to retaliate, but rejecting the government's view that he premeditated, or had malice aforethought, concluded that something suddenly triggered a fight between Nee and Houlihan and precipitated Houlihan's killing of Nee. The issue in dispute would be the state of mind informing the fight, precisely the degrees of murder dispute. The jury could have no reasonable doubt that he did the act, only reasonable doubt that he did it with the mindset—premeditation and malice—argued by the government.

Giving the jury the manslaughter instruction gives the jury all rational alternatives. The jury could disbelieve that Mr. Houlihan committed the act in question at all; they could refuse to believe that the act was animated by premeditation; they could reject malice, or accept sudden provocation.

Put otherwise, given the history between these two individuals, and their prior relationship, it cannot be said that the only way this offense could have taken place is as first degree or second degree murder. Manslaughter could be found by a rational jury either by facts which negative malice, or by facts which affirmatively establish provocation or heat of passion. The evidence here is capable of just such a construction by a rational jury:

- the most recent encounters had been amicable which the government says was a cover for premeditation, which the jury could take at face value;[5]
- in the most recent encounter, Nee had been the aggressor;
- there is no evidence that the defendant had a knife before the encounter (only one witness saying that he was barechested, holding a shirt);

---

4. The Court in *Comer* went even further, strongly urging a lesser included offense instruction even when the facts necessary for the greater offense are not in dispute:

> Even if the trial court finds that the facts bearing upon the element required for the greater offense but not for the lesser are not in dispute and that no evidence introduced explicitly tends to negative a finding of the element in question, the inquiry is not at an end. Rather the court must appraise all the testimony and evidence to determine whether it is capable of more than one reasonable inference. Thus in a manslaughter case such as the present one, the inquiry is whether the evidence bearing on malice was so compelling and unequivocal on the issue that a jury finding of no malice would be irrational. [citations omitted].

In *Belton v. United States*, 382 F.2d 150, 155 (D.C.Cir.1967) Judge Leventhal specifically noted that "there may be cases where that kind of reconstruction (supporting the lesser offense) is fairly inferable from testimony though not directly stated therein * * *." 382 F.2d at 156. 421 F.2d 1149, 1154.

5. Fed.R.Crim.P.Rule 31(c) provides that a defendant "may be found guilty" of a lesser included offense, without distinguishing between a request for jury instructions made by the government or one made by the defendant. It "developed as an aid to the prosecution of cases in which the proof failed to establish some element of the crime charged." *Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980). As the Court noted in *Schmuck v. United States*, 489 U.S. 705, 716 n. 9, 109 S.Ct. 1443, 1451 n. 9, 103 L.Ed.2d 734 (1989):

> Of course, it is now firmly established that Rule 31(c)'s provision for lesser offense instructions benefits the defendant as well. The Court recognized in *Keeble v. United States*, 412 U.S. 205, 208 [93 S.Ct. 1993, 1995–96, 36 L.Ed.2d 844] (1973) that where the jury suspects that the defendant is plainly guilty of some offense, but one of the elements of the charged offense remains in doubt, in the absence of a lesser offense instruction, the jury will likely fail to give full effect to the reasonable doubt standard, resolving its doubts in favor of conviction. The availability of a lesser included offense instruction protects the defendant from such improper conviction.

- actions like pulling out cigarettes and offering them to Schurko and Nee could be found by a jury to be inconsistent with the concealment of a knife;

- Officer Cecil Jones' testimony about the hostility by Nee to defendant at 7:30 p.m. the evening of the killing;

- pathologist's testimony concerning multiple injuries which a jury could find suggested a struggle;

- Nee was under the influence of cocaine; defendant had been drinking heavily earlier that evening.[6]

The standard by which to evaluate the evidence is, as noted above, whether the issue is sufficiently in dispute, whether a rational jury could so find, not its weight. In *Walker*, the Court outlined the distinctions:

... [W]e do not intend to take issue without prior favorable citation to D.C. Circuit precedent holding that any evidence, however, weak, bearing upon the lesser included offense will suffice to create an entitlement to a lesser included offense instruction. [citing to *United States v. Baker*, 985 F.2d 1248 (4th Cir. 1993) (quoting *United States v. Gibbs*, 904 F.2d 52, 58 (D.C.Cir.1990) ]. We view this as a separate inquiry from the question whether the evidence is sufficiently in dispute. For instance, a defendant may present evidence that is weak in the sense that it is implausible or uncorroborated, but yet he still may be entitled to a lesser included jury instruction because the evidence either sharply conflicts with the Government's evidence on an element of the offense, or because the lesser included offense is fairly inferable if the defendant's 'weak' evidence is believed.

75 F.3d 178, 181 (4th Cir.1996).

Indeed, if the evidence warrants the lesser included instruction and the defendant requests it, the district court has no discretion to refuse it. *United States v. Baker*, 985 F.2d 1248, 1258 (4th Cir.1993).

**SO ORDERED.**

---

6. Although I believe that a voluntary manslaughter instruction is warranted, I refused instructions on involuntary manslaughter and self-defense. While the evidence described above bears on the volatility of their relationship, which could suggest provocation or heat of passion encounters, there is little information about how the crime occurred.

In order for the jury to draw conclusions about involuntary manslaughter, or indeed, self-defense, it needs more information about the encounter itself.