**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 94-5837

WYNN ROBERT WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-94-126-6)

Argued: November 3, 1995

Decided: February 14, 1996

Before RUSSELL and HALL, Circuit Judges,
and MICHAEL, Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Russell wrote the opinion, in
which Judge Hall and Senior Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Fred R. Harwell, Jr., DAVIS & HARWELL, P.A.,
Winston-Salem, North Carolina, for Appellant. Scott Patrick Mebane,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee. **ON BRIEF:** Walter C. Holton, Jr., United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

**OPINION**

RUSSELL, Circuit Judge:

Wynn Robert Walker appeals the district court's judgment of conviction entered upon the jury's verdict finding Walker guilty of bank robbery in violation of 18 U.S.C. § 2113(a). Walker assigns error to the district court's refusal to instruct the jury on the lesser-included offense of bank larceny, 18 U.S.C. § 2113(b). Because the trial evidence did not support such an instruction, we affirm Walker's conviction.

I.

In March 1994, Walker entered a Wachovia bank in North Carolina and stole money from a teller station. The bank teller testified that Walker approached her and said, "this is a bank robbery, . . . I have a gun. Don't pull no bait, push no alarms." Although the teller never saw Walker with a gun, she testified she was very scared and believed he had a gun because he told her so and because his hand was in his jacket pocket during the incident.

Walker did not testify at trial. The Government, however, introduced a statement he gave after he was arrested. The statement read:

> I, Wynn Walker, walked into a bank and asked the lady teller to give me all one hundred, fifty, and twenty dollar and walk[ed] out. I didn't have a gun or a note when I was in the bank of Wachovia. This happened two days ago.

At the close of evidence, Walker requested a jury instruction on the lesser-included offense of bank larceny. His request was denied, and the jury subsequently returned a verdict of guilty of bank robbery. Walker received a 105-month sentence of incarceration.

II.

Walker contends the district court committed reversible error in failing to instruct the jury on the lesser-included offense of bank lar-

ceny. It is well-settled that a defendant in a criminal trial may be found guilty of a lesser offense necessarily included in the offense charged. A defendant, however, is not entitled to such an instruction as a matter of course. Rather, a lesser-included offense instruction is warranted only where the evidence supports a conviction for the lesser-included offense. Keeble v. United States , 412 U.S. 205, 208 (1993). More specifically, to receive a lesser-included offense instruction, the proof of the element that differentiates the two offenses must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense. United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993). To be sufficiently in dispute, we have held that the testimony on the distinguishing element must be sharply conflicting, or that the conclusion as to the lesser offense must be fairly inferable from the evidence presented. See id. at 1259 (quoting United States v. Medina, 755 F.2d 1269, 1273 (7th Cir. 1985) (citation omitted)).

The relevant elements of bank robbery are as follows:

> [w]hoever, by force and violence, or by intimidation, takes . . . from the person or presence of another . . . any property or money . . . belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . shall be fined not more than $5,000 or imprisoned not more than twenty years or both.

18 U.S.C. § 2113(a). In contrast, the relevant elements of bank larceny are as follows:

> [w]hoever takes and carries away, with intent to steal or purloin, any property or money . . . belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 2113(b). It is undisputed that bank larceny is a lesser-included offense of bank robbery. See United States v. Amos, 566 F.2d 899, 901 (4th Cir. 1977) (defendant cannot be sentenced for both

3

bank robbery and bank larceny arising from single offense because the bank larceny conviction merges into the bank robbery conviction). The element distinguishing the two crimes is the use of force and violence, or intimidation to complete the crime (hereinafter "intimidation element").

Our prior precedents illustrate the type of evidence necessary to sustain the Government's burden of proof on the intimidation element for a bank robbery conviction. Thus, for instance, we upheld a bank robbery conviction where the evidence demonstrated that a defendant entered a bank, kept his hand in his pocket, and told the teller to hand over the money and not to sound the alarm. See Amos, 566 F.2d at 901. Similarly, we upheld a conviction where the defendant handed the teller a note stating "this is a holdup" and placed his hand in his pocket in such a way that the teller assumed he had a gun. See United States v. Harris, 530 F.2d 576, 579 (4th Cir. 1976). As these cases demonstrate, the evidence is sufficient to sustain a conviction on the intimidation element if the defendant's conduct was reasonably calculated to produce fear. See United States v. Wagstaff, 865 F.2d 626, 627 (4th Cir. 1989). We think it clear, and Walker does not contend otherwise, that the bank teller's testimony in the instant case was sufficient to sustain a conviction for bank robbery. She testified that Walker approached with his hand in his pocket and told her that this was a robbery, that he had a gun and she should not give him any bait money or pull an alarm.

Accordingly, Walker would have been entitled to a jury instruction on the lesser-included offense of bank larceny only if some other evidence of record placed the intimidation element sufficiently in dispute such that the evidence was sharply conflicting or that the conclusion as to the lesser offense fairly could be inferred. We have found none. Walker's argument that the evidence was sharply conflicting is based solely on his statement, introduced by the Government at trial, that he was not carrying a gun during the commission of the crime. However, closer examination of that statement fails to reveal the necessary evidentiary dispute because Walker only denied "possessing" a gun. He did not deny either that he told the teller he possessed a gun or that he feigned hiding a gun by placing his hand in his pocket.

Our holding in United States v. Carter, 540 F.2d 753 (4th Cir. 1976), in which we reversed and remanded a defendant's bank rob-

4

bery conviction based on the district court's failure to instruct the jury on the lesser-included offense of bank larceny, provides no support for Walker. In Carter, the bank teller testified that Carter walked into the bank, demanded money, stated he had a gun, and kept his hand in his pocket. Id. at 753. We found error in the district court's refusal to give a bank larceny instruction because Carter testified that when he entered the bank he had an amiable conversation with the teller at the end of which he requested the money. Carter maintained that he neither had a gun nor told the teller he had a gun. Carter insisted "that the jury should have been left free to view his demeanor, language and conduct as insufficient to intimidate the bank teller." Id. at 755. We found Carter's testimony to be sufficient to create the necessary evidentiary dispute on the intimidation element because it rebutted all of the Government's evidence on that element.

In the instant case, the evidence of record does not demonstrate the type of dispute apparent in Carter. Although the jury might have believed Walker's statement that he never had a gun, evidence that Walker told the teller he possessed a gun and acted as though he possessed a gun went undisputed. Hence, the evidence clearly was not sharply conflicting. Walker contends, however, that the conclusion as to the lesser offense fairly could be inferred from his statement introduced by the Government at trial. By telling the police he did not have a gun, Walker contends the jury could infer that he never told the teller he had one or acted like he had one. We do not believe this inference flows from Walker's statement. In fact, we can envision many a bank robber who, unable to procure a weapon, would nonetheless pretend they possessed one to further their efforts to liberate the bank of its deposits. We certainly cannot say that Walker's statement denying possession of a gun, without more, placed the evidence on the intimidation element of robbery sufficiently in dispute.*

_____

*In reaching this holding, we do not intend to take issue with our prior favorable citation to D.C. Circuit precedent holding that any evidence, however weak, bearing upon the lesser included offense will suffice to create an entitlement to a lesser included offense instruction. United States v. Baker, 985 F.2d at 1248 (quoting United States v. Gibbs, 904 F.2d 52, 58 (D.C. Cir. 1990)). We view this as a separate inquiry from the question whether the evidence is sufficiently in dispute. For instance, a defendant may present evidence that is weak in the sense that it is

5

For this reason, we find no error in the district court's decision to deny Walker's request for a jury instruction on the lesser-included offense of bank larceny. Walker's conviction is, accordingly,

<u>AFFIRMED</u>.

_____

implausible or uncorroborated, but yet he still may be entitled to a lesser included jury instruction because the evidence either sharply conflicts with the Government's evidence on an element of the offense, or because the lesser included offense is fairly inferable if the defendant's "weak" evidence is believed. Walker's evidence to create a sufficient dispute on the intimidation element of bank robbery was not merely weak, it was nonexistent.

6