UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 96-4340

KHARY JAMAL ANCRUM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-463)

Submitted: January 28, 1997

Decided: March 3, 1997

Before WIDENER, HALL, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward Blair Brown, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, W. Neil Hammerstrom, Jr., Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Khary Jamal Ancrum appeals from his jury conviction and resulting fifty-one month sentence for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). He asserts that the court abused its discretion in declining to instruct the jury on simple possession as a lesser-included offense of distribution. Finding no abuse of discretion, we affirm.

Ancrum was arrested in the course of a police "spotting" operation in Alexandria, Virginia. A police officer observed Ancrum's encounters with Damon Livers ("Livers") through a "spotting scope." The officer observed Livers meet with Ancrum at a motel and then return to a nearby restaurant; within a few minutes, Ancrum approached Livers in front of the restaurant. The officer watched the two have a brief conversation and Ancrum placed rock-like objects in Livers's hand in three distinct gestures. Livers closed his hand and entered the restaurant. At this time, police alerted a nearby "jump out unit." Ancrum saw the police unit and quickly entered the restaurant after Livers. Both were apprehended; Livers possessed three rocks of cocaine.

Ancrum denied involvement in a drug transaction or that he was registered in the nearby hotel where police saw him. Hotel records disclosed that he was registered there, and a search of the room he was assigned uncovered 57.55 grams of crack cocaine, an electronic scale bearing cocaine residue, and men's and women's clothing. At trial, Ancrum testified that he encountered Livers on the street, who merely handed him the rocks of cocaine he allegedly found to get his opinion about whether "it was real." Ancrum testified that he told Livers it looked real and handed the rocks back to him. He also stated that he had registered other people in the hotel room with his own identification.

The decision whether there is enough evidence to justify a lesser-included instruction lies within the trial court's sound discretion. United States v. Chapman, 615 F.2d 1294, 1298 (10th Cir. 1980). A defendant is not entitled to such an instruction unless evidence would

2

permit a jury rationally to find him guilty of the lesser offense and not guilty of the greater. United States v. Walker , 75 F.3d 178, 180 (4th Cir.), cert. denied, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 3821 (U.S. June 10, 1996) (No. 95-8957). Possession is not a necessary element of a distribution charge. United States v. Barrientos , 758 F.2d 1152, 1158 (7th Cir. 1985).

Had the jury believed his version of the facts, Ancrum would have been entitled to an acquittal on a simple possession charge. According to his testimony, he never possessed the drugs with criminal intent. For that reason and because possession is not an element of distribution, we find the court did not abuse its discretion in declining to give the requested instruction and we affirm Ancrum's conviction and sentence. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3