**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4344

DENNY MOORE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-96-98)

Submitted: January 27, 1998

Decided: February 20, 1998

Before HALL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rodney S. Justice, Milton, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, Susan M. Arnold, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Denny Moore was charged in a six-count superseding indictment of knowingly discharging and causing the discharge of pollutants, namely untreated sewage waste containing fecal coliform, through a point source on six separate occasions, into Pigeon Creek, in West Virginia. See 33 U.S.C. § 1319(c)(2)(A) (1994). Counts one and two charged that the discharges occurred on February 11 and August 17, 1993. The remaining counts alleged that the discharges occurred on May 25, 1994, and January 4, February 9, and June 14, 1995, respectively. A jury found Moore not guilty of counts one and two and guilty of the remaining four counts. In April 1997, he was sentenced to 21 months' imprisonment followed by one year of supervised release and ordered to pay a $200 assessment. On appeal, Moore contends that the court erred: (1) in not granting a mistrial based upon remarks made by the prosecution during closing arguments; (2) in excluding evidence of Moore's financial condition; and (3) in not instructing the jury to consider the lesser-included offense of negligently discharging pollutants. Finding no error, we affirm.

In 1984, Moore and his wife purchased approximately thirty acres of property from the West Virginia Housing Development Fund with the intent to create a residential subdivision. The property was divided into approximately 75 lots. Moore was required to provide and maintain water and sewage treatment facilities. In October 1989, Moore was issued a National Pollutant Discharge Elimination System ("NPDES") Permit allowing for the operation of the sewage treatment plant located within the development. The permit allowed for treated waste water to be discharged from the plant into Pigeon Creek. The permit also identified permissible limits for the discharge of fecal coliform* as 200 bacterial colonies per 100 milliliters of water, average monthly and 400 colonies per 100 milliliters maximum daily.

During the initial operation of the plant, sewage would back up into peoples' homes. The plant would overflow, and untreated sewage

_____

*Fecal coliform is a bacterial byproduct of human waste.

2

would flow into the creek. Tom Ferguson, an inspector with the West Virginia Department of Environmental Protection ("DEP") conducted periodic inspections of the site from October 1992 to August 1994. Moore was given copies of all inspection reports and met with Ferguson several times to discuss his compliance with the applicable laws and the DEP's assistance program.

Over the years, Moore had a number of problems with the development and the sewage treatment plant. Moore sought bankruptcy protection, which resulted in him conveying the unsold lots in the development to a third party in exchange for assuming Moore's indebtedness. Meanwhile, the West Virginia Public Service Commission ("PSC") began to look into complaints raised by property owners about the sewage treatment plant. During its review, Moore requested that the PSC institute receivership proceedings. In January 1994, PSC directed its staff to institute receivership proceedings within thirty days. However, the plant was never placed in receivership because PSC could not locate a receiver.

Under the requirements of his NPDES permit, Moore was required to have a certified operator manage the sewage treatment plant. In April 1994, Donald Carey, the certified operator for the plant, quit over concerns regarding the lack of chlorine and property owners' complaints. By this time, Moore was financially unable to operate the plant, and he abandoned it. Moore believed he was justified in abandoning the plant because of the January 1994 order from PSC regarding receivership.

On May 25, 1994, Ferguson took water samples from Pigeon Creek and from the effluent of the sewage treatment plant. The test results showed levels of fecal coliform far above what the NPDES permit allowed. Ferguson sent the test results to Moore. Subsequent tests performed on water samples taken on January 4, February 9, and June 14, 1995 showed the sewage treatment plant to be entirely septic and discharging untreated sewage. Although Moore was sent the test results, he took no action.

Moore sought to enter into evidence his financial records and a summary of the records in an attempt to show that he was financially unable to operate the sewage treatment plant. Moore contends that

3

this evidence goes to his state of mind, in that he had no option but to abandon the sewage treatment plant. However, the court sustained the prosecutor's objection to the evidence on relevance grounds.

A district court's decision to exclude evidence is given "substantial deference" and is reviewed for abuse of discretion. See United States v. Achiekwelu, 112 F.3d 747, 753 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5598). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence which is not relevant is not admissible. See Fed. R. Evid. 402. With regard to state of mind, under § 1319(c)(2)(A), the Government need only show that the defendant knew the nature of his acts and acted intentionally. See United States v. Hopkins, 53 F.3d 533 (2d Cir. 1995); United States v. Weitzenhoff , 35 F.3d 1275 (9th Cir. 1994). Whether or not the defendant was in a position to financially maintain the plant is simply not relevant. It has no bearing on whether the defendant acted intentionally. Thus, we find that the court did not abuse its discretion in excluding Moore's financial records and summary.

During closing arguments, the prosecution made the following statement:

> After this man, Denny Moore, put all the money in his pocket, and that being selling 45 to 47 lots for $8,500 to $12,500, when that money hit the pocket, those obligations were still there, but where was he? He was out spending it somewhere is all we can figure out. We don't know where he was.
>
> He sure wasn't operating this plant. Black sewage in a creek of West Virginia. After charging these people, promising them that he would take care of their water and sewage, he walked away. And I'm going to get into it in more detail, but he had the audacity to sit on that witness stand and tell you, "I walked away. I left the plant run. It was not my responsibility." Just let raw sewage run into the creek. He

4

admitted that on the witness stand. That was his own admission.

He told you he felt he had a moral obligation to the residents out there. You know what obligation he had? He had an obligation in his own pocket, put that money in his own pocket. That's the only obligation he was honoring.

Moore objected and moved for a mistrial. The court denied the motion and stated that "[t]here is no evidence that he put his money in his pocket that I recall. And the jury will not consider that argument to that effect."

This Court uses a two-pronged test to determine whether prosecutorial misconduct warrants reversal. Under this test, the court asks: (1) whether the prosecutor's remarks were improper and (2) whether such remarks prejudicially affected the jury. See United States v. Francisco, 35 F.3d 116, 120 (4th Cir. 1994). Under the second prong, factors to be considered are: (1) the degree to which the remarks had a tendency to mislead the jury and prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were intended to divert attention to extraneous matters. See United States v. Morsley, 64 F.3d 907, 913 (4th Cir. 1995). In this case, even assuming (without deciding) that the prosecutor's remarks were improper, these remarks did not prejudicially affect the jury. The isolated remarks were part of a four-day trial. Furthermore, the court instructed the jury not to consider the remarks as evidence. Moreover, there was substantial evidence establishing Moore's guilt. Accordingly, we find that the court did not err in denying Moore's motion for a mistrial.

Finally, Moore contends that the court erred in not instructing the jury on the offense of negligently discharging pollutants. See 33 U.S.C. § 1319(c)(1)(A). A defendant is not entitled to a lesser included instruction "as a matter of course." See United States v. Walker, 75 F.3d 178, 179 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3821 (U.S. June 10, 1996) (No. 95-8957). The defendant must show that proof of the differentiating element is "sufficiently in dispute that the jury could rationally find the defendant guilty of the

5

lesser offense but not guilty of the greater offense." Id. at 180. The evidence clearly showed that Moore knew that he was responsible for the sewage treatment plant, that he abandoned the plant and that he was notified that the plant was discharging raw sewage. There was no evidence presented tending to show that Moore may have been negligent. Moore's own testimony showed that he stopped maintaining the plant because of finances. There was no indication that he was not aware that the plant was discharging raw sewage. Thus, a finding that Moore was negligent was "not fairly inferable from the evidence presented." United States v. Wright, #6D6D 6D# F.3d ___, 1997 WL 780302 (4th Cir. Dec. 19, 1997) (No. 96-4559).

For the foregoing reasons, Moore's convictions and sentences are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

6