**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4257

MERIL E. BRANCH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-97-411-A)

Submitted: November 30, 1998

Decided: December 31, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale Warren Dover, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Gordon D. Kromberg, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Meril E. Branch appeals from his convictions for possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (1994), and possession of marijuana in violation of 21 U.S.C. § 844 (1994).[1] Branch contends that the district court erred in: (1) admitting evidence of his unexplained wealth; (2) admitting into evidence 130 baggies of heroin because the Government failed to establish a chain of custody; (3) refusing to instruct the jury on simple possession; and (4) awarding a two-level enhancement to Branch's base offense level pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (1997) for perjury. Finding no error, we affirm.

On December 1, 1994, at approximately 12:40 p.m., Fairfax County Police Officer William Rogers pulled Branch over in a routine traffic stop for illegally tinted windows. At the same time, Officer Rogers also stopped another car driven by Branch's friend, James Baylor. Virginia State Trooper Todd Spoda arrived at the scene to assist Rogers. The officers asked for and received consent to search Baylor's vehicle. The officers requested that a canine unit come to the scene in order to search Baylor's vehicle for narcotics. While the officers searched the vehicle, Rogers observed Branch, who was still seated in his vehicle, toss what appeared to be a plastic baggie out of his car window and over an embankment. Rogers observed the object land in a row of pine trees, and he instructed Spoda to retrieve the object. Spoda retrieved a package, which consisted of two baggies containing a total of 130 smaller baggies. Each of the smaller baggies contained a white powdery substance. Fairfax County Police Officer Michael Bishop field tested the substance; the substance tested positive for cocaine. Rogers placed the substance in a plastic bag, sealed the bag, and initialed over the seal. Rogers stored the bag in a storage container at the police station for a short while, and subsequently, he submitted the bag to a laboratory for analysis.

_____

[1] Branch was also indicted for money laundering on or about August 1, 1993, arising out of a purchase of a Nissan 300ZX with $19,000 in drug proceeds. The money laundering charges were severed from the drug charges.

After finding the drugs, the officers searched Branch's car which revealed two baggies of what they suspected was marijuana. Branch was placed under arrest, and once at the station, voluntarily admitted that the marijuana was his, but he denied knowledge of the drugs found on the embankment.

At trial Rogers identified the baggies containing what he believed was cocaine, his request for laboratory analysis, and the materials used to package and seal the evidence. Forensic chemist John Griffin testified that he examined the baggies, which were contained in plastic bags which were inside an additional plastic bag. He testified that the seal of the outermost plastic bag was unbroken and that there was no evidence of tampering. Griffin testified that he recalled noticing, after he had opened one of the two smaller baggies, that "possibly, the seal on [that] bag was not closed." (Joint Appendix at 72). Griffin tested the substance which tested positive for heroin cut with quinine. Griffin explained that it is possible for heroin to test positive in a field test for cocaine because the field test is designed simply to test for the presence of nitrogen, rather than test for a specific type of narcotic.

Branch contends that the district court erred in admitting evidence of his unexplained wealth, specifically pictures of the Nissan 300ZX which he was driving when arrested, the bill of sale for the vehicle indicating that it was purchased with cash, the certificate of title, and a certificate of non-filing of Federal tax returns for the years 1988 to 1994. He contends that the admission of the evidence was prejudicial and in violation of the court's order severing the money laundering counts from the drug offenses.

We review the district court's evidentiary rulings for an abuse of discretion and find none. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). It is well settled that the challenged evidence was admissible as evidence of unexplained wealth. See United States v. Grandison, 783 F.2d 1152, 1156 (4th Cir. 1986) (finding that evidence of recently expended large sums of cash is relevant in narcotics prosecution as evidence of illegal dealings and ill-gotten gains); see also United States v. Penny, 60 F.3d 1257, 1263 (7th Cir. 1995) (finding that evidence of unexplained wealth is admissible if it creates a reasonable inference that the defendant was involved in a drug con-

3

spiracy or trafficking); United States v. Figueroa, 976 F.2d 1446, 1454 (1st Cir. 1992) (same).

Branch next argues that the district court erred in admitting into evidence the heroin allegedly found by the side of the road near his vehicle because the Government failed to establish a chain of custody for the drugs. He argues that there were three separate instances which challenge the integrity of the chain of custody of the heroin. First, he asserts that Officer Rogers failed to explain why five days had elapsed between the time he placed the narcotics in the storage container at the police station and the time when he delivered the package to the laboratory for analysis. Second, he asserts that the technician testified that when he began testing the material he noted that the seal on one of the bags had "possibly" not been closed, thus rendering the chain of custody suspect. Third, Branch asserts that when the substance found beside the road was initially tested, it tested positive for cocaine; conversely, when it was subsequently tested it revealed the presence of heroin. Further, he contends that Trooper Spoda admitted at trial that he altered the police report to reflect that the substance field tested positive for heroin rather than cocaine which was initially reported.

A determination by the trial court that an adequate chain of custody has been established is reviewed for an abuse of discretion. See United States v. Ricco, 52 F.3d 58, 61 (4th Cir. 1995). "[P]recision in developing the `chain of custody' is not an iron-clad requirement, and the fact of a `missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect.'" United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982) (citations omitted).

In Howard-Arias, we held that the purpose of the chain of custody requirement is merely to "convince the court that it is improbable that the original item has been exchanged with another or otherwise tampered with." 679 F.2d at 366. Here, the chain of custody of the heroin seized by the roadside is sufficiently clear from the testimony presented at trial. Officer Rogers testified that after the field test was conducted, he placed the individual bags in a larger plastic bag which he initialed. Officer Rogers then transported the bag to a locked stor-

age receptacle at the police station. Officer Rogers then transported the still sealed bag to the laboratory for analysis, albeit five days later. Branch fails to support his assertion that the five-day delay somehow in and of itself tainted the chain of custody. He merely states that others may have had access to the receptacle, but he failed to demonstrate that others did in fact tamper with the package during that period.

Further, Griffin testified that when he received the package from Officer Rogers the outer seal was unbroken and the package did not appear to be tampered with. Although Griffin testified that a seal on an inner package contained in the larger package may not have been closed, the outer package was still in tact. Lastly, although Trooper Spoda admitted that he altered the Government's copy of the police report to reflect heroin rather than cocaine, it was not his intention to alter the results of the field test. He also testified that he altered the document to reflect that the laboratory analysis revealed the presence of heroin, not to suggest that the drugs tested positive for heroin in the field. Because there was sufficient evidence that the substance was in fact what it purported to be and that the substance was not altered in any material aspect, we find that the district court's admission of the evidence was not an abuse of discretion.

Next, Branch contends that the district court erred in refusing to instruct the jury on the lesser included offense of simple possession. He asserts that the instruction was mandatory given his testimony that he had a cocaine and marijuana habit and that the substance he allegedly tossed from his vehicle field tested positive for cocaine. Further, he asserts that the small amount of heroin found was consistent with personal use, therefore, warranting the instruction.

We review the district court's decision to give or not to give a jury instruction for an abuse of discretion. See United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). A defendant is entitled to an instruction on a lesser included offense only when the evidence would support a conviction for the lesser included offense. See Keeble v. United States, 412 U.S. 205, 208 (1973); United States v. Walker, 75 F.3d 178, 180 (4th Cir.), cert. denied, 517 U.S. 1250 (1996). In order to receive the instruction, "the proof of the element that differentiates the two offenses must be sufficiently in dispute that the jury could ratio-

5

nally find the defendant guilty of the lesser offense but not guilty of the greater offense." Walker, 75 F.3d at 180. For an element to be placed "sufficiently in dispute" so as to warrant a lesser included offense instruction, either "the testimony on the distinguishing element must be sharply conflicting, or that the conclusion as to the lesser offense must be fairly inferable from the evidence presented." Id. (citation omitted). Any evidence, however weak, which bears upon a lesser included offense will create an entitlement to an instruction on the lesser offense. Id. at 181, n*.

In the instant case, the distinguishing element of the lesser included offense, Branch's intent in possessing the heroin, was not sufficiently placed in dispute to require a lesser included offense instruction. Branch presented no evidence from which a reasonable jury could find that his intent was to possess the heroin for personal use, rather than for distribution.[2] The defense presented no evidence to counter the testimony of FBI Agent Aaron D. McGee, who was qualified as an expert in the area of techniques of distribution of heroin, regarding Branch's intent. Specifically, Agent McGee testified that the amount of heroin possessed was inconsistent with personal use, the packaging of the heroin was consistent with distribution, and the presence of quinine was inconsistent with ready use. A conflict in the testimony, therefore, did not exist.

Further, the jury could not fairly infer from the evidence presented that Branch intended to possess the heroin for his personal use. The jury heard evidence that Branch was found in possession of in excess of 12.572 grams of heroin,[3] itself sufficient to infer intent to distribute. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990) (finding that intent to distribute can be inferred when the amount of the controlled substance is larger than would be expected for personal use); see also United States v. Blake, 484 F.2d 50, 57-58 (8th Cir. 1973) (finding that 14.3 grams of 17.3 percent pure heroin with a street value of $4,200 sufficient to infer intent to distribute). Further,

_____

[2] Although Branch testified that he regularly used marijuana and in the past used cocaine, he maintained throughout his testimony that he did not use or possess the heroin.
[3] There were nine other plastic bags, each containing a white powdery substance that was not tested.

6

the heroin was packaged in 130 individual baggies which is consistent with distribution. See Fisher, 912 F.2d 728, 731 (finding that "[b]aggies and baggie corners are well known tools of the narcotics distribution trade"). There was no other evidence from which a reasonable inference of simple possession would be permissible. We, therefore, find that the district court's refusal to instruct the jury on simple possession was not an abuse of discretion. See Burgos, 55 F.3d at 935.

Finally, Branch contends that the district court erred in awarding a two-level increase in his base offense level pursuant to USSG § 3C1.1 based upon the finding that he gave false material testimony at trial. Branch asserts that even though his testimony that the drugs were coincidentally found at the same place where he threw the trash from his vehicle may have been incredible, the testimony was not tantamount to perjury. Branch contends further that the district court failed to make a specific finding with respect to his intent to deceive and failed to make a finding that "encompasses all of the factual predicates for a finding of perjury." (Appellant's Br., at 28).

The district court may apply a two-level increase under Sentencing Guideline § 3C1.1, "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense. . . ." U.S. Sentencing Guidelines Manual § 3C1.1 (1997). Perjury is conduct that warrants the enhancement. See USSG § 3C1.1, comment. (n.3). An enhancement for perjury is sufficient if the court's finding "encompasses all of the factual predicates for a finding of perjury." United States v. Castner , 50 F.3d 1267, 1279 (4th Cir. 1995) (internal quotation marks and citation omitted). The court must find that a defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). In the present case, the district court expressly found that Branch's testimony was willfully false and involved material matters. These findings were sufficient as a matter of law to support the enhancement, and were not clearly erroneous. See Castner, 50 F.3d at 1279.

Based on the foregoing, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal conten-

tions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED