**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                              No. 98-4280

CHRISTOPHER ERVIN HOWIE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CR-97-276)

Submitted: October 30, 1998

Decided: January 22, 1999

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded in part by unpub-
lished per curiam opinion.

_____

**COUNSEL**

Thomas B. Weidner, IV, Van C. Ernest, WEIDNER & ERNEST,
P.C., Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, George Metcalf, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher Ervin Howie appeals from his convictions for possession with intent to distribute crack cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1994). Howie contends that: (1) the district court erred in admitting opinion testimony from a government witness; (2) the district court erred in refusing to instruct the jury on simple possession; (3) the district court erred in denying Howie's motion to suppress; and (4) the district court erred in permitting the jury to convict Howie of aiding and abetting without being instructed as to the charge.

On August 1, 1997, Richmond Police Detectives Ron Armistead and Stephanie Ruffin and Petersburg Police Officer Anthony Patterson were assigned to the Drug Interdiction Task Force at the Greyhound bus station in Richmond, Virginia. While on duty at 2:45 a.m., Armistead observed passengers as they exited a bus that had just entered the terminal. Armistead also observed Howie stand up and place a black plastic bag with white letters in the overhead compartment above his seat, look around, and quickly sit back down. Howie sat there for a moment and then got off the bus.

At approximately 4:00 a.m., just minutes after the bus driver called for people to reboard the bus, Armistead approached Howie, displayed his badge, identified himself and his purpose, and asked to speak with Howie. Howie produced a picture ID, stated that he was traveling to North Carolina, and produced his bus ticket to confirm his statement. Armistead asked Howie if he had any baggage, either in the overhead compartments or stored underneath the bus, and Howie replied that he had lost his baggage. Armistead pointed to the black plastic bag that he watched Howie place in the overhead compartment and asked if it belonged to Howie; Howie responded that it did not. Howie reboarded the bus, but he sat in a different seat than he previ-

2

ously occupied. Armistead then boarded the bus, retrieved the bag, and asked everyone on the bus if the bag belonged to anyone. Howie did not respond; he turned his head and looked out the window. After no one on the bus claimed ownership of the bag, Armistead removed the bag from the bus. A search of the bag revealed 61.6 grams of crack cocaine, soap powder, which is commonly used to mask the scent of the drug, and a gray T-shirt that officers saw Howie wearing earlier. Also in Howie's possession was a ticket stub from Greensboro, North Carolina, his origination point the previous day.

After he was arrested and given his Miranda* warnings, Howie stated that he had in fact traveled to New York the previous day. He stated that he had lost his bag and had returned to Richmond to try to find it. Howie again denied owning the bag that Armistead removed from the bus. After some additional questioning, Howie admitted that he owned the bag.

The district court did not abuse its discretion in admitting Detective Armistead's testimony that the amount of crack cocaine seized was not indicative of personal use. Detective Armistead's opinion was rationally based on his perceptions and his experiences in prior drug investigations and was helpful to a clear understanding of a fact in issue, namely, Howie's intent. See Fed. R. Evid. 701; see also United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (standard of review).

The district court's refusal to instruct the jury on simple possession was not an abuse of discretion. See United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). Howie was not entitled to the instruction for simple possession because his intent, the distinguishing element between possession with intent to distribute and simple possession, was not sufficiently placed in dispute to require a lesser included offense instruction. See United States v. Walker , 75 F.3d 178, 180 (4th Cir. 1996). There was no direct testimony regarding Howie's intent in possessing the crack cocaine and an intent simply to possess for personal use was not fairly inferable from the evidence presented. See id.

_____

*Miranda v. Arizona, 384 U.S. 477 (1966).

We have reviewed the record and the briefs and find that the district court did not err in denying Howie's motion to suppress the drugs seized as a result of the search of the bag. The district court properly found that Howie abandoned the bag, thereby relinquishing any expectation of privacy he had in the bag. See Abel v. United States, 362 U.S. 217, 241 (1960); United States v. Flowers, 912 F.2d 707, 711-12 (4th Cir. 1990). Detective Armistead did not violate Howie's Fourth Amendment rights by searching what Howie led him to believe was an abandoned bag. Accordingly, we affirm Howie's conviction for possession with intent to distribute crack cocaine.

We must vacate Howie's conviction for aiding and abetting. At trial Howie objected to the government's proposed jury instruction with respect to aiding and abetting. Because of its position that the evidence did not support a conviction on that basis, the district court sustained Howie's position and refused to instruct on aiding and abetting. So only the conviction of possession with intent to distribute was sent to the jury. The form of verdict, however, executed by the jury convicted Howie as "guilty as charged in Count 1 of the indictment." Count 1 of the indictment included 18 U.S.C. § 2 as well as the substantive count. That mistake was carried forward into the judgment of conviction on sentencing, which provided that Howie was convicted of "21 [U.S.C. §] 841(a)(1) & 18 [U.S.C. §] 2." The presentence report does not mention a conviction for aiding and abetting and there is no transcript of the sentencing hearing which has been presented to us on appeal. We feel confident, however, that no conviction for 18 U.S.C. § 2 (aiding) was intended or in fact took place. Such conviction for aiding was plain error under United States v. Olano, 507 U.S. 725 (1993). There was no objection, an error occurred which was plain and which affected Howie's substantive rights, and the error affected the fairness or integrity of the proceeding.

Accordingly, we vacate Howie's conviction for aiding and abetting and remand the case to the district court for the limited purpose of amending the judgment of conviction to reflect only a conviction for possession with intent to distribute under 21 U.S.C.§ 841(a)(1). In the unlikely event that vacating one of Howie's convictions should affect his sentence, the district court, on remand, should resentence Howie. Otherwise, on remand the district court should state that the

4

sentence is not affected because a conviction for aiding was unintended.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

5