UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4171

JUAN MENDOZA,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander J. Williams, Jr., District Judge.
(CR-98-304-L)

Submitted: October 8, 1999

Decided: October 25, 1999

Before MURNAGHAN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Andrea L. Smith, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Juan Mendoza appeals his jury conviction of possession with intent to distribute heroin, in violation of 21 U.S.C.A.§ 841 (West 1999). We affirm.

Shortly after five o'clock on the morning of July 27, 1998, Mendoza disembarked from a flight from Los Angeles to Baltimore-Washington International Airport. Notwithstanding that it was summer, Mendoza was wearing a long, fur-lined, hooded, leather coat. His appearance drew the attention of two officers of a Drug Enforcement Administration (DEA) task force, Wooden and Jacobs, who were assigned to monitor "red-eye" flights for possible drug trafficking. They watched as Mendoza retrieved a duffle bag from the baggage claim area.

Wooden approached Mendoza and began talking with him. He grew more suspicious of Mendoza when Mendoza stated he planned to stay in Baltimore for three weeks, because the duffle bag he carried appeared too small to accommodate a traveler's needs for that long a stay.

With Mendoza's consent, Jacobs began searching the duffle bag. Mendoza then expressed misgivings about whether he wanted the search to continue, so Jacobs stopped. Mendoza then agreed to go with Wooden and Jacobs to the DEA office to talk further.

At the office, Jacobs noticed a large bulge in Mendoza's left front pants pocket and asked to see what was in the pocket. Mendoza pulled out some money from the pocket, but the bulge remained. Jacobs asked again to see what was causing the bulge. Mendoza then revealed a clear plastic package containing what Wooden recognized as "Mexican black tar" heroin, and the officers arrested him. A search incident to the arrest uncovered another package of heroin in a pocket of Mendoza's coat. The two packages contained a total of 260 grams of heroin.

Mendoza was charged in a single-count indictment with possession of heroin with intent to distribute. At his jury trial, the Government presented testimony from the arresting officers and an expert witness who stated that the heroin Mendoza possessed was worth between $20,000 and $100,000 on the street and that its purity (one bag was 65% and the other 72% pure) far exceeded common street-level purity (8% to 15%).

During its deliberations, the jury sent a note asking the court to "[r]estate the criteria for determining intent to distribute" and posing two questions: "What is a reasonable criteria[sic] for distinguishing between personal use or distribution? Is quantity the only criteria [sic]." The court answered with its original instructions on intent to distribute. The court refused Mendoza's request for a lesser-included offense instruction. Mendoza was convicted and sentenced to seventy months in prison. He appeals.

First, Mendoza challenges the sufficiency of the evidence to sustain his conviction. We must affirm the jury's verdict if"there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Mendoza's challenge centers on the lack of testimony translating the quantity of heroin he possessed into dosage units. Because of this alleged evidentiary gap, he asserts that the jury could not rationally conclude that the quantity he possessed was indicative of intent to distribute rather than personal use.

We disagree. The quantity of heroin was expressed in units (both grams and dollar value) that the jurors could easily grasp. The jury could rationally infer that anyone possessing 250 grams of heroin of 65% to 72% purity possessed it with the intent to distribute. We therefore conclude the conviction is supported by substantial evidence when the evidence is viewed in the light most favorable to the Government.

Next, Mendoza contends that the district court erred by refusing to instruct the jury on the lesser-included offense of simple possession of heroin. A criminal defendant is not entitled to a lesser-included offense instruction as a matter of course. See United States v. Walker,

3

75 F.3d 178, 180 (4th Cir. 1996). But when "the proof of the element that differentiates the [greater and the lesser] offense [is] sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense[,]" the court must give the instruction upon the defendant's request. Id.; see also Keeble v. United States, 412 U.S. 205, 208 (1973). An element is "sufficiently in dispute" if the evidence is"sharply conflicting" or the jury could fairly infer from the evidence that the lesser, but not the greater, offense was proved. See United States v. Wright, 131 F.3d 1111, 1112 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3782 (U.S. June 8, 1998) (No. 97-9034). Here, there was no evidence that Mendoza used heroin personally and no evidence that he possessed the heroin for some purpose other than distribution. Thus, the evidence was not "sharply conflicting."

Moreover, we do not believe that a rational factfinder could fairly infer that the heroin was for personal use. Comparison with Wright supports our conclusion. Though we identified in Wright several indicia of intent to distribute other than quantity, Wright possessed crack cocaine worth only $300-$600, and we held that he was not entitled to a lesser-included offense instruction. Here, Mendoza possessed much larger quantities of drugs than Wright; moreover, Mendoza's intent to distribute is not shown only by that quantity. The heroin's purity was far higher than street-level purity and an expert witness testified that "Mexican black tar" heroin is, as its name suggests, a product of Mexico. Consequently, a person carrying it from Los Angeles to Baltimore would be more likely to be following the stream of distribution than one carrying it the other direction. We therefore find no error in the district court's refusal to instruct the jury on the lesser-included offense of simple possession of heroin.

Finally, Mendoza alleges that one of the court's instructions on intent to distribute was misleading and could have suggested to the jury that the defendant bore some sort of burden of proof. Jury instructions must be read as a whole, and if the instructions fairly summarize the law, there is no reversible error. See Henderson v. Kibbe, 431 U.S. 145 (1977). The court's instructions on intent to distribute accurately describe the law. Mendoza finds fault with one sentence: "Basically what you are determining is whether the drugs in the defendant's possession were for his personal use or for purposes of

4

distribution." He posits that a person could have some other purpose for possessing heroin, e.g. to dispose of it, so this sentence suggests that the jury should find an intent to distribute in the absence of proof of personal use. We have heard this precise argument before, and we rejected it. See United States v. Morrison, 991 F.2d 112, 115-16 (4th Cir. 1993). Morrison compels the same result here.

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED