**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4587**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYL ORLANDO POWELL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:04-cr-00011-jlk)

---

Submitted: June 22, 2007          Decided: July 30, 2007

---

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Paul G. Beers, GLENN FELDMANN DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Edward A. Lustig, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Orlando Powell was indicted for one count of distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and three counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), for selling cocaine base to a police informant during an undercover operation.

The police informant and several police officers testified at the federal jury trial. To demonstrate that the substances found were in fact cocaine base, the Government submitted stipulated certificates of analysis, which listed the substance as "cocaine." After the Government rested, it sought to reopen its case to replace the certificates of analysis identifying the substances as "cocaine" with certificates that identified the substances as "cocaine base." Over Powell's objection, the district court permitted the substitution of the certificates. Powell then sought to have both sets of certificates shown to the jury and a jury instruction permitting a conviction of the lesser-included offense of distributing cocaine powder. The district court denied Powell's request. Thereafter, the jury convicted Powell as to Count Four but was deadlocked as to the remaining three counts. Prior to retrial, the Government filed a motion to schedule the second trial outside of the statutory speedy trial limits. Over Powell's objections, the district court granted the motion.

Powell was later retried on the remaining counts. At the close of evidence, Powell requested the jury be instructed as to a lesser-included offense of distributing less than five grams of cocaine base with respect to Count One. The district court denied Powell's request. Thereafter, Powell was found guilty as to all three counts. The district court then sentenced Powell to an aggregate 120 months in prison. Powell timely appealed, and we affirm.

Powell argues the district court erred when it refused to permit the jury to consider the first certificates of analysis that identified the relevant substance as simply "cocaine" as well as the certificates of analysis that identified the substance as "cocaine base." The Federal Rules of Evidence instruct that "[a]ll relevant evidence is admissible, except as otherwise provided" by law or rule. Fed. R. Evid. 402. Relevant evidence is defined broadly as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. A failure to admit relevant evidence without a legally supported reason constitutes an abuse of discretion and may require a new trial. See Westfield Ins. Co. v. Harris, 134 F.3d 608, 615 (4th Cir. 1998). We conclude the district court did not abuse its discretion when it kept the first certificates of analysis from the jury's purview because their

initial submission was the result of an administrative error, the new certificates were not inconsistent with the first certificates, and the jury would not be confused by having only the substituted certificate to consider.

Next, Powell argues the jury should have been instructed at the first trial as to the lesser-included offense of distribution of cocaine powder and that a new trial was warranted when the district court denied the request. In general, the decision whether to give a jury instruction, and the content of that instruction, are reviewed for abuse of discretion. See United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). "For the defendant to be entitled to a lesser-included offense [instruction], the proof on the element that differentiates the two offenses must be sufficiently in dispute to allow a jury consistently to find the defendant innocent of the greater and guilty of the lesser offense." United States v. Baker, 985 F.2d 1248, 1258-59 (4th Cir. 1993). We conclude that the district court properly denied Powell's request for a lesser-included offense instruction and subsequent motion for a new trial because there was no evidence presented at trial that would permit a jury to convict Powell of distributing cocaine powder.

Powell next contends his rights under the Speedy Trial Act were violated. Specifically, Powell argues that the district court erroneously granted the Government's request for an extension

to retry him on Counts One, Two, and Three over his objection. Under the Speedy Trial Act, a retrial must commence within seventy days from the date the act occasioning the retrial becomes final. See 18 U.S.C. § 3161(e). However, if the judge grants a continuance on his own motion or based on a request by the defense or Government, the judge must find that the ends of justice served by taking the action outweigh the interest of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A) (2000). We conclude that the district court properly granted the Government's motion for an extension because Powell's attorney's scheduling conflicts during the seventy-day trial window contributed to the need for an extension.

Powell next argues he was entitled to a jury instruction on Count One at his second trial that reflected a lesser-included offense of distributing less than five grams of cocaine base. As noted previously, in order to justify an instruction on a lesser-included offense, "the testimony on the distinguishing element must be sharply conflicting, or the conclusion as to the lesser offense must be fairly inferable from the evidence presented." Walker, 75 F.3d at 179. We conclude the district court properly denied Powell's request for a lesser-included offense instruction as to drug weight because the evidence did not support such an instruction.

Based on the foregoing, we affirm Powell's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED