**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4608

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE MCARTHUR WEBB,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:06-cr-00079-GEC)

Submitted: October 17, 2008     Decided: February 3, 2009

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Melissa W. Friedman, ANDERSON & FRIEDMAN, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Lawrence McArthur Webb was convicted of conspiracy to possess with intent to distribute more than fifty grams of cocaine base and more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000), and two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a) (2000). Webb was sentenced to 240 months on the conspiracy count and 120 months on the distribution counts, to run concurrently. Webb appeals, contending that the district court erred by: (1) denying Webb's motion to suppress his statements; (2) refusing to give the jury a lesser-included offense instruction; (3) denying Webb's motion for a new trial based on improper remarks by the prosecutor in his closing; and (4) denying Webb's motion to continue the trial based upon an absent character witness. Finding no reversible error, we affirm.

I.

Webb first contends that the district court erred by not suppressing his statements to Agent Cunningham because Webb had previously invoked his right to counsel. On appeal from a district court's determination on a motion to suppress, the factual findings are reviewed for clear error and the district court's legal determinations are reviewed de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873

(4th Cir. 1992).   The evidence is reviewed in the light most favorable to the government, the prevailing party in the district court.   United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

A criminal defendant's "Sixth Amendment right to counsel is violated when incriminating statements deliberately elicited by the government, made after indictment and outside the presence of counsel, are admitted against the defendant at trial."   United States v. Love, 134 F.3d 595, 604 (4th Cir. 1998) (internal quotation marks omitted).   "[A]n accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981); see Michigan v. Jackson, 475 U.S. 625, 636 (1986) (applying Edwards to Sixth Amendment cases).   If the accused does not initiate the conversation, any waiver of rights made after further police interrogation is invalid.   Jackson, 475 U.S. at 636.

The Government only need show by a preponderance of the evidence that Webb initiated contact and waived his rights.   See Colorado v. Connelly, 479 U.S. 157, 168 (1986).   It is the district court's role to determine the credibility of the witnesses and this

3

court reviews those determinations for clear error. United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995).

Our review of the record leads us to conclude that Webb initiated contact with Agent Cunningham and did not invoke his right to counsel at any time during Agent Cunningham's visit to the jail. Webb agrees that Agent Cunningham came to the jail upon his request, but argues that because he was held in isolation for four days, without access to the general inmate population or the telephone to contact an attorney, the conditions were such that he was at his "breaking point," and Agent Cunningham easily overbore his will, such that even if he waived his right to counsel, that waiver was not knowing or voluntary. Despite Webb's argument, the record reflects that he clearly waived his rights without requesting counsel and Agent Cunningham did not employ coercive tactics. The district court accordingly did not err by denying the motion to suppress.

## II.

Webb next contends that the district court erred when it failed to give a "lesser-included offense" jury instruction. Webb did not object to the conspiracy instruction given by the district court or proffer an example of the requested instruction, but proffered only a special verdict form that the district court refused. This court generally reviews challenges to jury

4

instructions for an abuse of discretion. <u>South Atlantic Ltd. P'ship v. Riese</u>, 284 F.3d 518, 530 (4th Cir. 2002). However, because Webb did not specifically challenge the conspiracy instruction in the district court, this claim is reviewed for plain error. <u>See United States v. Olano</u>, 507 U.S. 725 (1993).

"A district court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: '(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important[] that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.'" <u>United States v. Lewis</u>, 53 F.3d 29, 32 (4th Cir. 1995) (<u>citing</u> <u>United States v. Camejo</u>, 929 F.2d 610, 614 (11th Cir. 1991)). "For the defendant to be entitled to a lesser-included offense [instruction], the proof on the element that differentiates the two offenses must be sufficiently in dispute to allow a jury consistently to find the defendant innocent of the greater and guilty of the lesser offense." <u>United States v. Baker</u>, 985 F.2d 1248, 1258-59 (4th Cir. 1993). For an element to be "sufficiently in dispute," either "the testimony on the distinguishing element must be sharply conflicting, or the conclusion as to the lesser offense must be fairly inferable from the evidence presented." <u>United States v. Walker</u>, 75 F.3d 178, 179 (4th Cir. 1996).

5

The evidence at trial was not "sharply conflicting," as to the drug weight for which Webb was responsible, which was significantly greater than the amounts charged in the indictment. Thus, the district court did not plainly err in failing to give a "lesser-included offense" instruction as to drug weight.

### III.

Webb next argues that the district court erred when it denied his motion for a new trial based upon the Government's improper inclusion in its closing argument of a brief remark attributed to Webb that was not in evidence, and was purportedly obtained through an immunized proffer. Webb argues that use of this remark violated his Fifth Amendment right against self-incrimination.

A prosecutor's improper closing argument may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, this court considers whether the remarks were, in fact, improper, and, if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial. Id.

6

Our review of the record convinces us that although the remark was improper, it was not so prejudicial as to deny Webb a fair trial. Wilson, 135 F.3d at 299. We conclude the district court properly denied the motion for a new trial.

IV.

Webb also alleges that the district court erred in denying his motion to continue the trial based upon the absence of a defense character witness. On the morning of trial, Webb learned that a character witness was unavailable to testify at trial because he was caring for an ailing spouse. The district court denied the continuance, but permitted the witness' expected testimony to be read to the jury by stipulation, including the reasons for his absence. The court advised the jury that the stipulated testimony could be given the same weight as evidence as if the witness had been present and testifying in the court room.

A district court's refusal to grant a continuance is reviewed for abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11-12 (1983); United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). An abuse of discretion in this context is "'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.'" United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990) (quoting Morris, 461 U.S. at 11-12).

7

We conclude the district court did not abuse its discretion in denying the motion to continue the trial.

Accordingly, we affirm Webb's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
